Dorothy Braswell, Administratrix of the Estate of Courtney L. Braswell, Deceased, Plaintiff-Appellee, v. The New York, Chicago and St. Louis Railroad Company, Defendant-Appellant.

Gen. No. 63–F–6.

Fourth District.

June 3, 1963.

Rehearing denied September 30, 1963.

Pope and Driemeyer, of East St. Louis, for appellant.

Mudge and Mudge, of Edwardsville, for appellee.

CULBERTSON, PJ.

This cause is before us on appeal from a judgment in the sum of $65,000, based on a verdict of a jury in a Federal Employers' Liability Act case instituted by Courtney L. Braswell, as plaintiff, as against The New York, Chicago and St. Louis Railroad Company, as defendants. During the pendency of this appeal, plaintiff's death has been suggested, and Dorothy Braswell, Administratrix of the Estate of Courtney L. Braswell, has been substituted as party plaintiff.

The case is unusual in that the negligence alleged is predicated on alleged negligence of defendant company in the assigning of Braswell to a job which it was contended he was physically unable to perform. Braswell, who was 60 years of age, had been working as a section hand since 1947, and had apparently performed the duties satisfactorily until the early part of 1955 when he developed a persistent cough. This became sufficiently severe in November, 1955 so that on the advise of his personal physician he was hospitalized in St. Louis. The Doctors there found him suffering from a carcinoma of the right lower lobe of the lung, and a portion of the lung was removed surgically. He was discharged from the hospital and thereafter developed an infection in his chest cavity which resulted in a series of operations involving a rib resection, drainage, and plastic repair of the chest cavity. On October 1, 1956 he was given a written release by the surgeon, reciting that he was able to return to work. He then reported to his foreman with a request that he be returned to work as a section hand, his former type of work. For a period of eight months, until he was permitted to return to work in June of 1957, he made repeated demands to be returned to the job as a section hand.

One doctor refused to certify him for employment, and finally plaintiff went to Cleveland, where he was

examined by defendant's Assistant Medical Director who refused to pass him for work, but suggested it might be helpful if he obtained a written report from the St. Louis surgeon. The surgeon wrote a letter to the Medical Director for defendant Railroad Company, concluding that he considered plaintiff definitely employable. Another doctor for the railroad thereupon authorized plaintiff to return to work, and plaintiff resumed work on June 13, 1957. He continued to work without any complaint or incident (including Saturdays and Sundays), until the morning of July 3, 1957. He helped carry railroad ties and did other sectional work without experiencing any physical disability in so doing, and made no complaint of any kind in connection with such work. On July 3, 1957, while acting with the other three men in his section in carrying railroad ties, he suddenly collapsed. There was nothing unusual, so far as the record discloses, in the work which was done at the time of his collapse. None of the doctors called on behalf of plaintiff expressed an opinion as to whether there might have been any relationship between the work he did as a cause of his unconsciousness and fall to the ground and his resulting disability.

On appeal in this Court it is the defendant's position that the proof produced to support plaintiff's cause of action was insufficient, as a matter of law, to present a submissible question to the jury thereon, and that the Trial Court should have allowed the motion for judgment notwithstanding the jury's verdict.

■■■■ It is apparent that plaintiff relied wholly upon the circumstances and was not able to, or at least did not specifically make a showing of a causal connection of the collapse of plaintiff and his subsequent injury. Plaintiff states specifically that the circumstances speak for themselves and that plaintiff was undergoing what for him in his physical condi-

tion was extreme physical exertion, and that the collapse was the result. None of the persons who were with plaintiff could offer any explanation for what happened. The plaintiff experienced no pain in his back before he fell, and he felt no strain as he lifted and carried one handle of the tie tongs, nor had he exhibited or felt any specific physical symptoms of ill being before he lost consciousness and fell. He simply stated that "he didn't know what happened." Under the circumstances, the jury's conclusion that the plaintiff's injuries were causally related to defendant's claimed negligence in returning him to work, would necessarily be based entirely on surmise or conjecture. This cannot be the basis upon which a verdict can be sustained (Withey v. Illinois Power Co., 32 Ill App2d 163, 170, 177 NE2d 254). We have repeatedly stated that under the law, an affirmative and positive showing of actionable negligence as the proximate cause of injuries, must be made. The fundamental basis of a right to recover must necessarily be a showing of a causal connection, ascertainable from the evidence and the record, or circumstances which clearly establish such connection, before a recovery can be sustained.

Under the facts and circumstances on the record before us, we cannot say that there was positive proof of actionable negligence as the proximate cause of the injuries suffered by plaintiff (Withey v. Illinois Power Co., supra; Deming v. Hallberg, 221 Ill App 180; Jensen v. Elgin, J. & E. Ry. Co., 15 Ill App2d 559, 147 NE 2d 204). In the latter case cited, the plaintiff had, likewise, maintained an action under the Federal Employers' Liability Act, to recover damages for a ruptured intervertebral disc which he received as the result of defendant's negligence in maintaining a defective switch. The Appellate Court there likewise concluded that plaintiff had failed to show a causal connection between the injury and the accident, and the Court

24

there rightly points out that the burden was on the plaintiff to establish by a preponderance of the evidence not only that the injury existed, but also that the injury was the result of an occurrence of which he complained. The Court in that case pointed out that the disability of the plaintiff and its cause could have been a matter of expert opinion which should have been proved by testimony of medical experts and not left to the speculation of the jury, and that in absence of a showing of such causal connection between the accident and the injury, no recovery could be had.

We, therefore, conclude that the Trial Court should have allowed the motion for directed verdict, or for a judgment notwithstanding the verdict, and the judgment of the Circuit Court of Madison County will, therefore, be reversed and judgment entered here in favor of defendant.

Reversed, and judgment entered here.

SCHEINEMAN and HOFFMAN, JJ, concur.