**Donald L. Vance, Administrator of the Estate of Larry K. Vance, Deceased, Plaintiff-Appellant, v. Clarke G. Picken, III, Defendant-Appellee.**

Gen. No. 10,926.

Fourth District.

March 25, 1968.

Harold N. O'Hara, of Peoria, for appellant.

Heyl, Royster, Voelker & Allen, of Peoria, for appellee.

CRAVEN, J., delivered the opinion of the court.

Plaintiff appeals from judgment entered upon a directed verdict in favor of the defendant at the close of the plaintiff's evidence in the suit brought by plaintiff as administrator of the estate of Larry K. Vance, deceased, under the Wrongful Death Act (Ill Rev Stats 1965, c 70, §§ 1, 2). Plaintiff seeks reversal of said order and a new trial.

The plaintiff's theory of recovery as stated in the complaint was that Larry K. Vance, while riding as a guest passenger in an automobile driven by the defendant, on October 5, 1965, received injuries in a one-car accident

on a rural stretch of Illinois Route 10 about five miles north of Easton in Mason County, Illinois, and that the defendant was guilty of willful and wanton conduct in the operation of the automobile at the time of the occurrence. No eyewitness testimony was offered at the trial and the plaintiff met the prima facie burden of showing the absence of contributory willful and wanton conduct on the part of Larry K. Vance in connection with this occurrence through the testimony of Edward Proehl who testified that the decedent was a person of careful habits in connection with the operation of motor vehicles and farm implements. The trial court directed a verdict in favor of the defendant upon the theory that there was insufficient evidence of willful and wanton conduct on the part of the defendant to make a prima facie case.

The testimony concerning the occurrence came from two witnesses present at the scene after the event. The first was a photographer who identified three photographs of the vehicle at the scene of the accident, showing extensive damage to the right side, complete destruction of the front end and other severe damage to the fatal car. The other witness was the Illinois state trooper who investigated the accident. This officer testified that he was called to investigate the accident which took place approximately one-half mile south of Junction 136 and Route 10 when a black 1957 Ford collided with a cottonwood tree. Tire marks led a distance of 421 feet from the hard surface of the highway along the shoulder to the cottonwood tree which was 12 feet 7 inches to the right of the right edge of the highway upon which the defendant's vehicle was traveling. A slight drainage ditch, approximately two feet deep, was present in the shoulder of the road between the surface of the highway and this tree. The shoulder was not muddy and was very heavily sodded with bluegrass. After striking the tree, the vehicle traveled at an angle a distance of 34 feet with the left front wheel just off the pavement on the op-

posite side of the road and the rear of the vehicle closest to the tree and across the center of the highway to within 5 feet 10 inches from the near edge of the pavement. The hub of the right wheel was displaced to a point halfway under the front of the windshield where the windshield joins the top of the car. The motor was pushed back into the driver's side of the vehicle.

Examination of the tires by the officer disclosed that there was tread on the right front tire, the right rear tire had some tread, the left rear tire had none. The right front tire was blown out when the officer arrived at the scene. There was no evidence of skid marks at the scene and no evidence that brakes were applied. The officer had no opinion as to the speed at which the automobile was traveling.

Other testimony related to the medical cause of death, which was stipulated to be the injuries received in this collision, and testimony from the decedent's mother who described the contributions of the decedent to the family.

Plaintiff argues that the testimony created a jury question on the culpability of the defendant under the Guest Statute. The test as defined in Pedrick v. Peoria & E. R. Co., 37 Ill2d 494, 229 NE2d 504 (1967), is whether all the evidence, viewed in its aspect most favorable to the plaintiff, so overwhelmingly favors the defendant that no contrary verdict based on that evidence could ever stand.

There is no controversy here about what the evidence was, and such as it was, it is insufficient to create an inference of conduct on the part of the defendant which would impose liability under the Guest Statute. The three charges in the complaint were that the defendant operated his automobile at an excessive rate of speed in a willful and wanton manner; that he failed to take action to prevent the accident after failing to discover the danger through recklessness and carelessness; and that he willfully and wantonly drove the automobile at a high,

dangerous and excessive rate of speed. There are numerous possible causes of this accident, some of which are alleged in the plaintiff's complaint. Others come to mind which are equally likely and for which the defendant would not be responsible, including unexpected mechanical failure, stray animals on the highway, oncoming traffic behaving irrationally, and the ordinary negligent acts of the defendant—all of insufficient gravity to impose liability under the Guest Statute which requires willful and wanton conduct on the part of the defendant.

■ There is no testimony or evidence which makes one hypothesis more acceptable as a reason for this unfortunate occurrence than any other and, evidence of speed sufficient to make a jury question of willful and wanton conduct, or evidence of conditions which would require the defendant to discover danger or be accused of willful and wanton conduct is totally absent. The circumstantial evidence adduced at the trial of this case does not meet the requirement that the conclusion which can be drawn from that evidence points toward a breach of duty on the part of the defendant of which he is charged. As stated in Celner v. Prather, 301 Ill App 224, 227, 22 NE2d 397:

> "Proof of a mere possibility is not sufficient. A theory cannot be said to be established by circumstantial evidence, unless the facts are of such a nature and so related, as to make it the only conclusion that could reasonably be drawn. It cannot be said one fact can be inferred, when the existence of another inconsistent fact can be drawn with equal certainty."

■ ■ The plaintiff need not negate all other possible causes of a particular event in order to make a prima facie case, but the plaintiff should introduce testimony

which more strongly supports his theory of recovery than it supports inferences to the contrary. The evidence adduced here does not meet this test. It was therefore not error for the trial court to direct the verdict.

For the foregoing reasons the judgment of the circuit court of Mason County is affirmed.

Judgment affirmed.

SMITH, P. J. and TRAPP, J., concur.