Emma Marshall McInturff, etc., Plaintiff-Appellee, v. Chicago Title & Trust Company, etc., Defendants.
Appeal of William Forbrich and Milton J. Holloway, Defendants-Appellants.

### Gen. No. 52,739.

First Judicial District.

September 25, 1968.

Rehearing denied and supplemental opinion November 26, 1968.

William H. Symmes, John W. Kearns, Jr., Kirkland, Ellis, Hodson, Chaffetz & Masters, of Chicago, for appellants.

Querrey, Harrow, Gulanick & Kennedy, of Chicago (John T. Kennedy, of counsel), for appellee.

MR. JUSTICE DAVIS delivered the opinion of the court.

This is a wrongful death action. The plaintiff, as administrator of the estate of Otis S. McInturff, deceased, sought to recover damages allegedly caused by the negligent conduct of the defendants, William Forbrich, Milton J. Holloway, and Chicago Title & Trust Company, individually, and as trustee under certain trusts, in maintaining a stairway in a building in which the decedent worked as janitor. By amendment, the plaintiff also sought to recover for the funeral expenses of the decedent.

The Chicago Title & Trust Company, as Trustee, held record title to the property in question, and Forbrich and Holloway were beneficiaries under the Trust.

The jury, in the wrongful death action, rendered a verdict of $30,000 for the plaintiff and against Forbrich and Holloway, and awarded no damages for funeral expenses. Judgment was entered on the verdicts and For-

brich and Holloway, herein called the defendants, appealed.

The complaint alleged, and the answer denied, that the decedent was in the exercise of ordinary care at and immediately prior to the time when the occurrence in question took place; that as a proximate result of the defendants' negligence, the decedent did fall on the stairway and so came to his death; that the defendants maintained a stairway without handrails, as required by pertinent municipal ordinances; and that the stairway was unreasonably and dangerously steep and worn. The answer also set forth an affirmative defense that the action was barred by the payment of Workmen's Compensation to the plaintiff pursuant to the pertinent provisions of the Workmen's Compensation Act (Ill Rev Stats 1957, c 48, pars 138.1–138.28). The defendants moved for a directed verdict at the close of the plaintiff's case and at the close of all of the evidence. Each motion was denied.

The defendants' post-trial motion asked the court to set aside the jury verdict, to arrest the judgment and to enter judgment for the defendants notwithstanding the verdict. It also raised the defense that the action was barred by payment as aforesaid, asserted that it was error for the trial court to refuse to direct a verdict for the defendants, and designated many other alleged errors in connection with the trial. However, we believe that the negligence-proximate cause issue is dispositive of the case and the other alleged errors need not be considered.

In April of 1956, the decedent was hired by Chatain & Company as janitor of the apartment building in question. Chatain & Company was the managing agent of the building on behalf of the defendants and paid wages to the decedent for his services. On December 27, 1958, while so employed, he came to his first-floor apartment from the basement where he had been sweeping and asked his wife whether they had any bandaids. She directed

him to the medicine chest in the bathroom and he went in that direction.

Shortly thereafter, Mrs. McInturff heard a crashing sound outside the apartment door. She went to the front entrance, opened the basement door which was slightly ajar, and saw her husband lying at the foot of the stairs with his head and shoulders on the concrete floor and his feet and legs on the basement stair. He was pronounced dead upon his arrival at the hospital.

As janitor, it was the duty of the decedent to maintain the building, take care of the furnace and the hot water heater, and report to Chatain & Company anything required in connection with the building. He also made small, emergency-type repairs. He used the stairway daily in the course of his employment. Mr. Chatain occasionally accompanied the decedent to the basement.

There were thirteen steps in the stairs. The risers on the stairs were eight inches high and the treads were worn. The railing on the left side of the stairway began seven steps from the top and there was no railing on the right side. The stairs were part of the original building which was constructed in 1897.

There was testimony that the decedent kept the stairs clean; that he was a careful man; that he had lost fifteen pounds since the summer of 1957; that he was admitted to the hospital on July 16, 1958, and prior thereto was complaining about blood in the urine; and that he had been absent from work for about six weeks during the latter part of 1958, due to an operation for a malignant tumor of the kidney. There was no evidence relative to what took place prior to and at the time of the injury in question.

Testimony of the surgeon who performed the operation, and that of other physicians, indicated that a man with one kidney is capable of living an ordinary life; that a person with cancer has a life expectancy of

from five to ten years, at the most, dependent upon numerous factors.

It has long been the law that ordinary care in a particular case is that degree of care which is exercised by ordinarily prudent persons under the same or similar circumstances; that a person has no right to knowingly expose himself to danger and then recover damages for an injury which he might have avoided by the exercise of ordinary care; that a failure to see what is clearly visible is not such conduct as is compatible with due caution for one's own safety; that damages cannot be assessed upon mere surmise and conjecture as to what possibly happened to cause an injury; that the law requires affirmative and positive proof of actionable negligence as the proximate cause of the injury or damage suffered to warrant an assessment of damages; and that the causal relation between the alleged negligence and the injury must be established by a preponderance of the evidence and with reasonable certainty. Withey v. Illinois Power Co., 32 Ill App2d 163, 170–173 incl., 177 NE2d 254 (1961), and cases cited therein.

The burden rests on the plaintiff in a wrongful death action to prove that the decedent was in the exercise of due care at the time he sustained the injury causing his death, and where there were no eyewitnesses to the accident, it is competent to prove that the deceased was a man of careful habits. Petro v. Hines, 299 Ill 236, 238, 239, 132 NE 462 (1921).

The admission of evidence of careful habits is a concession to the difficulty of proving due care by other means in the absence of an eyewitness. It affords a basis for admitting habit evidence generally to invite the inference that the person on a specific occasion probably acted consistently with his habits; and it is a circumstance tending to prove the exercise of ordinary care. Casey v. Chicago Rys. Co., 269 Ill 386, 391, 109 NE 984 (1915).

 There were no eyewitnesses to the occurrence in question. Dr. Okunieff, who had known the decedent for more than a year, had treated him professionally in February and June of 1957, and had seen him on other occasions doing repair work at the building where the doctor had his office, testified, over defendants' objections, based on remoteness of time, that the decedent was a careful man. This testimony was a circumstance tending to prove due care: it would create a permissive inference of the decedent's due care.

 This inference, however, was subject to rebuttal. Under the circumstances of this case we regard the inference as weak. Dr. Okunieff testified that he had twice treated the decedent and had seen him on occasion doing repair work at the office building. With this foundation as to qualifications, he testified that the decedent was a careful man. His testimony offered no factual basis for his opinion. Therefore, the evidence that the decedent was a careful man could be refuted by less than substantial evidence.

 Under the facts of this case, a serious question exists with reference to whether the plaintiff proved that the decedent was in the exercise of ordinary care for his own safety prior to and at the time of the injury in question. The defendants denied such circumstance. A failure on the part of the plaintiff or decedent to exercise ordinary care would constitute contributory negligence and would bar recovery.

 Contributory negligence is the want of ordinary care on the part of the person injured or damaged by the actionable negligence of another, combining and concurring with that negligence, and contributing to the injury as a proximate cause thereof, without which the injury would not have occurred. It is a failure to exercise ordinary care, and ordinary care is that care which a reasonably prudent person would take to avoid injury

47

under like circumstances. Schmidt v. Anderson, 301 Ill App 28, 45, 46, 21 NE2d 825 (1939).

Even if we conclude that the plaintiff did prove that the decedent exercised ordinary care for his own safety prior to and at the time of the injury in question, such determination is not dispositive of the case. We must still determine the issue of whether the defendants' negligence was the proximate cause of the plaintiff's injury or damage. The negligence involved in the violation of an ordinance does not impose liability unless it proximately causes the injury or damage complained of. Curran v. Chicago & W. I. R. Co., 289 Ill 111, 119, 124 NE 330 (1919).

In order that liability may attach for a negligent act or omission, there must be such a relationship between the act or omission and the injury or damage suffered that the act or omission may be said to be the proximate cause of such injury or damage. Sycamore Works v. Chicago & N. W. Ry. Co., 366 Ill 11, 16, 17, 7 NE2d 740 (1937).

In the case at bar, there is no direct evidence with reference to the proximate cause of the decedent's fall and his subsequent death. The burden was on the plaintiff to affirmatively and positively show that the defendants' negligence was the proximate cause of the decedent's injury. Braswell v. New York, C. & St. L. R. Co., 43 Ill App2d 21, 24, 192 NE2d 592 (1963); Deming v. Hallberg, 221 Ill App 180, 182, 183 (1921). There is no evidence in this case as to how or by what means the decedent suffered the injuries from which he died.

The dubious probative effect of the evidence relative to the careful habits of the decedent—a circumstance tending to prove that he exercised ordinary care at and immediately prior to the time of the injury—was diluted on the issue of proximate cause by the testimony that he was fully aware of the condition of the stair and used it

daily in his work; and any inferences which might arise from the evidence in the case in favor of the decedent on the issue of proximate cause were weakened by the testimony that the decedent had lost weight over the last year, had recently undergone an operation for a malignant tumor of the kidney, had missed about six weeks of work, and had a life expectancy of five to ten years, at the most.

The fragmentary evidence on the issue of the defendants' negligence did not establish any relationship between the alleged negligence and the proximate cause of the decedent's fall and injury. There was no direct evidence relative to what took place prior to and at the time of the decedent's injury. There was no proof that the condition of the stairway, or the alleged failure to comply with the handrail ordinances, caused the injury or damage suffered by the plaintiff. The burden was on the plaintiff to establish by a preponderance of the evidence the causal relation between the alleged negligence and the injury sustained by the decedent. Absent proof of a causal relationship between the condition of the stairs and the decedent's death, the plaintiff was not entitled to recover. Damages cannot be assessed on mere surmise or conjecture as to what probably happened to cause his injury and death. Withey v. Illinois Power Co., supra, 170.

Whether the trial court was correct in sustaining the jury verdict and entering judgment thereon, and in denying the defendants' motions for a directed verdict at the close of all evidence and for a judgment notwithstanding the verdict, must be tested by the standard set forth in Pedrick v. Peoria & Eastern R. Co., 37 Ill2d 494, 510, 229 NE2d 504 (1967); that is, whether all of the evidence, when viewed in its aspect most favorable to the plaintiff, so overwhelmingly favors the defendants that no contrary verdict based on the evidence could ever stand.

 Under the circumstances of this case—the absence of any direct or positive evidence that the defendants' negligence was the proximate cause of the decedent's injury; the dubious probative value of Dr. Okunieff's testimony relative to the decedent being a careful man; and the weakness of the plaintiff's proof that the decedent was in the exercise of ordinary care at and immediately prior to the injury which caused his death—we believe that it may fairly be said, that all of the evidence viewed most favorably to the plaintiff, so overwhelmingly favors the defendants that no contrary verdict based on this evidence could ever stand. Consequently, the defendants' motion for a directed verdict at the close of all the evidence should have been allowed. In the light of our conclusions, the judgment of the trial court is reversed without remandment.

Judgment reversed.

MORAN, P. J. and SEIDENFELD, J., concur.

SUPPLEMENT TO OPINION ON DENIAL OF PETITION FOR REHEARING

 The plaintiff filed a petition for rehearing wherein she contended that the evidence justified an inference by the jury as to the proximate cause of the decedent's fall. Therein she stated that "In determining proximate cause it is not essential that the causal connection be shown by direct evidence; the causal connection can be shown by facts and circumstances which, in the light of ordinary experience, reasonably suggest that the defendant's negligence in the manner charged operated proximately to produce the injury." As authority for this proposition, she cited Lindroth v. Walgreen Co., 407 Ill 121, 131–4, 94 NE2d 847 (1950); Thomas v. Smith, 11

Ill App2d 310, 137 NE2d 117 (1956); and Holsman v. Darling State St. Corp., 6 Ill App2d 517, 522, 523, 128 NE2d 581 (1955).

 We concur in the foregoing principle of law as stated by the plaintiff. The term "proximate cause" is an essential and integral element of liability in any negligence action. Thus, any inference that might arise as to probable cause, would, of necessity, be an inference relating to the negligence which caused the injury, and would be treated as such. In our consideration of the foregoing contention, the terms "inference" and "presumption" are used interchangeably.

 Generally, no presumption of negligence arises from the mere happening of an accident (Huff v. Illinois Cent. R. Co., 362 Ill 95, 101, 199 NE 116 (1935); Rotche v. Buick Motor Co., 358 Ill 507, 516, 193 NE 529 (1934)); and negligence is not presumed but must be proved as a fact by the party alleging it (Barnes v. Danville St. Ry. & Light Co., 235 Ill 566, 572, 85 NE 921 (1908); Chicago & E. I. R. Co. v. Reilly, 212 Ill 506, 510, 511, 72 NE 454 (1904)). Nevertheless, negligence often is inferred from evidence of an injury or loss and the circumstances of the occurrence which afford sufficient prima facie evidence of negligence. The presumption arises from the nature of the accident and the circumstances and not from the mere fact of an accident itself. Barnes v. Danville St. Ry. & Light Co., supra, 573. Under proper circumstances, an inference of negligence may make a prima facie case for the party in whose favor it obtains, unless rebutted by contrary evidence. Parrino v. Landon, 8 Ill2d 468, 470, 134 NE2d 311 (1956).

There is no evidence in the record, direct or circumstantial, to indicate whether the plaintiff's decedent slipped, tripped, stumbled, was pushed, blacked out or fell, due to a sudden loss of consciousness which occurred as a residual effect of his recent operation for a malignant

tumor of the kidney. There is no evidence with reference to whether the accident occurred immediately before or after the decedent stepped on the stairway and, consequently, no evidence with reference to where on the stairway the accident may have occurred. Likewise, other than the accident itself, there is no evidence that the alleged failure to comply with the handrail ordinance, the steepness of the stairs or the worn treads thereon, caused the accident; the cause thereof was left to the conjecture of the jury. In fact, there was no evidence of where, how, or why the accident occurred. The evidence that the decedent suffered a fracture of the 4th and 5th cervical vertebrae and of the skull, which caused his death, sheds no light on the issues of ordinary care, negligence and proximate cause.

There was direct and positive evidence that the decedent was fully aware of the condition of the stair and had used it daily in his work; that the decedent had lost weight over the last year; that he had recently undergone an operation for a malignant tumor of the kidney, and had missed about six weeks of work.

From the evidence in this case, there is no substantial proof with reference to whether the plaintiff was in the exercise of ordinary care immediately prior to and at the time of the accident; no proof in respect to whether the accident was the result of the defendants' negligence; was caused by the frailty or illness of the decedent, or occurred by virtue of some other force or instrumentality. The foregoing are some of the possible causes of this unfortunate occurrence. Others in the realm of speculation come to mind—causes which are equally likely and for which the defendants would not be liable.

In Wilke Metal Products, Inc. v. David Architectural Metals, Inc., 92 Ill App2d 265, 236 NE2d 303 (1968), at page 275, the court quoted from Condon v. Schoenfeld, 214 Ill 226, 230, 73 NE 333 (1905), as follows:

"It cannot be said that the existence of a certain fact may reasonably be inferred from the evidence when the existence of another fact inconsistent with the first can be, from the same evidence, inferred with equal certainty. The evidence must point to the existence of some particular fact rather than to the existence of another fact inconsistent with the first before it can be said that such evidence alone tends to prove the existence of the first."

And, in Vance v. Picken, 93 Ill App2d 294, 235 NE2d 266 (1968), at page 298, the court quoted from Celner v. Prather, 301 Ill App 224, 227, 22 NE2d 397 (1939), as follows:

"Proof of a mere possibility is not sufficient. A theory cannot be said to be established by circumstantial evidence, unless the facts are of such a nature and so related, as to make it the only conclusion that could reasonably be drawn. It cannot be said one fact can be inferred, when the existence of another inconsistent fact can be drawn with equal certainty."

 In the case at bar, there is more than one possible explanation for the decedent's death. The plaintiff's evidence, including facts and circumstances and the inferences to be drawn therefrom need not negate all other causes of the decedent's death in order to make out a prima facie case, but the plaintiff must introduce evidence, which with its legal intendments, more strongly supports her theory of recovery than it supports inferences to the contrary. The plaintiff's evidence did not meet this test.

The cases cited by the plaintiff: Lindroth v. Walgreen Co., supra; Thomas v. Smith, supra; and Holsman v. Darling State St. Corp., supra, can all be distinguished from the case at bar. In Lindroth v. Walgreen Co., supra,

and Thomas v. Smith, supra, the crucial question was whether it was error for the trial court to overrule the defendants' motion for a directed verdict. They are pre-Pedrick cases, and thereunder, a motion for directed verdict or judgment notwithstanding the verdict presented the single question of whether there was *any evidence* in the record, which standing alone and taken with its intendment most favorable to the party resisting the motion, tended to prove the material elements of such party's case.

This rule was superseded by the Pedrick rule which provides that a motion for a directed verdict and for a judgment notwithstanding the verdict should be entered only in those cases in which *all of the evidence,* when viewed in its aspect most favorable to the opponent, so overwhelmingly favors the movant that no contrary verdict based on that evidence could ever stand.

In Holsman v. Darling State St. Corp., supra, the plaintiff fell on a stairway, the treads of which were constructed of badly worn white marble; where worn, the treads were dished and uneven, forming saucers; and they were worn irregularly from one to one and one-eighth inches. The plaintiff testified concerning his fall, and said that he stepped from the platform onto the first tread with his right foot and started to move his left foot to put it on the next tread below when something happened—there was some interference with his feet. Prior to the accident, the plaintiff had no trouble with his feet or hips and had not experienced any blackouts, dizziness, or heart attacks. The jury awarded a verdict and on review the court affirmed and held that there was a causal relationship between the condition of the stairs and the fall sustained by the plaintiff. We recognize the propriety of such decision. However, the facts in Holsman are far different from those in the case at bar.

54

In the light of all the evidence and circumstances in the case at bar, we conclude that under the Pedrick rule a verdict for the plaintiff could never stand. For the foregoing reasons, we adhere to the opinion as originally adopted, and the petition for rehearing is denied.