MARSHALL BUNN, Plaintiff-Appellant, *v.* EARL PEAVLER, Defendant-Appellee.

(No. 11607;

Fourth District—August 2, 1972.

Thomson, Thomson & Mirza, of Bloomington, (John Naylor, of counsel,) for appellant.

Livingston, Barger, Brandt, Slater & Schroeder, of Bloomington, (James T. Foley, of counsel,) for appellee.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

Plaintiff brought an action against the defendant for personal injuries allegedly caused by the defendant's negligence. A jury verdict was returned in favor of the plaintiff and assessing damages in the amount of $20,500. The trial court upon motion of the defendant granted a judgment notwithstanding the verdict concluding that the plaintiff failed as a matter of law to establish that the defendant was guilty of negligence which proximately contributed to plaintiff's injury.

■■ Plaintiff was assisting the defendant in the construction of a patio at the residence of the defendant. Their respective testimony differs somewhat as to the facts and circumstances surrounding the injury; however, a careful review of the testimony indicates no evidence that the proximate cause of plaintiff's injuries were caused by any act or omission by the defendant. Although plaintiff argues that his injury was caused by a falling beam or joist negligently maintained by the defendant, such is not established by any direct evidence nor by circumstantial evidence that makes such a reasonable inference. As we noted in *Vance v. Picken,* 93 Ill.App.2d 294, 235 N.E.2d 266, "Proof of a mere possibility is not sufficient. A theory cannot be said to be established by circumstantial evidence, unless the facts are of such a nature and so related, as to make it the only conclusion that could reasonably be drawn.  *  *  *."

■■ We find no error of law in this proceeding and the trial court was correct in its decision that all of the evidence when viewed in its aspects most favorable to the plaintiff so overwhelmingly favors the defendant that no contrary verdict based upon the evidence could ever stand. Thus, under the requirements of *Pedrick v. Peoria & Eastern R.R. Co.,* 37 Ill.2d 494, 229 N.E.2d 504, the trial court properly granted a judgment notwithstanding the verdict.

A further recitation of the factual testimony would in our judgment serve no useful purpose and an opinion thereon would have no precedential value. Accordingly, pursuant to Rule 23 of the Supreme Court Rules, the judgment of the circuit court of McLean County is affirmed.

Judgment affirmed.

TRAPP, P. J., and SMITH, J., concur.