EUGENE BOTHUN, Plaintiff-Appellee, *v.* EMMETT Q. WALLACE, Defendant-Appellant.—(RICKIE E. HILGERT, Defendant.)

Third District   No. 77-349

Opinion filed May 25, 1978.—Rehearing denied July 26, 1978.

Edward G. Vogt, of Kankakee, for appellant.

Leonard F. Sacks, of Kankakee, for appellee.

Mr. PRESIDING JUSTICE BARRY delivered the opinion of the court:

On December 20, 1971, the plaintiff, Eugene Bothun, while driving his automobile south on Illinois Route One, encountered dense fog. As he approached an intersection with a side road, he observed a car in the ditch on the east side of Illinois Route One. The plaintiff then stopped and attempted to give assistance.

The car in the ditch had been driven by one defendant, Rickie E. Hilgert, who, in the fog, failed to stop for a stop sign at the intersection. The Hilgert car was partially in the ditch with the rear partially on the northbound lane of Illinois Route One.

In an attempt to discern whether the Hilgert car could be pushed out of the ditch, the plaintiff went to the left front corner of the car and observed that it was mired down, resting on its frame. Plaintiff remembers nothing after that until he awakened in the hospital.

The plaintiff was injured as a result of a collision of a car, northbound on Illinois Route One at a speed of approximately 30 miles per hour, driven by the second defendant, Emmett Q. Wallace, with the Hilgert vehicle, which, in turn, struck the plaintiff. A State trooper testified that, after the collision, the Wallace vehicle was in the northbound lane of traffic for Illinois Route One.

The plaintiff and two occurrence witnesses testified that there was a flare in the vicinity of the Hilgert vehicle, although the defendant Wallace testified he saw no flares until after the collision. There was no artificial lighting at the intersection. Also, prior to the collision, testimony of occurrence witnesses established that Hilgert and another person yelled that a car was approaching. The first person to yell, Larry Ducharme, had been walking down the road toward the south with a lighted flare to provide warning. One witness, Donald Hubert, testified that he heard the warnings that a car was coming 15 or 20 seconds before collision, that he thought he heard the car approaching, that he had his back to the south but, upon hearing the warnings, he turned around, saw the approaching car and ran. Because of the fog, Ducharme was unable to see the Wallace vehicle until it was very close to him and Hubert was unable to gauge the speed of the oncoming vehicle.

At the trial, at the close of the plaintiff's evidence, the trial court directed a verdict for defendant Hilgert. That action has not been appealed to this court. In addition, at the close of all the evidence the plaintiff moved for a directed verdict on the issue of contributory

negligence and the trial court directed a verdict in favor of the plaintiff.

After Hilgert was directed out, Wallace, hereinafter designated the defendant, moved for a mistrial. This motion was denied, and the jury returned a verdict against the defendant in the sum of $35,000. Judgment was entered on the verdict, and the defendant appealed.

■■ The first issue raised by the defendant is whether the trial court erred by directing that the plaintiff, as a matter of law, was not contributorily negligent. Ordinarily, the issue of contributory negligence is a question of fact for the jury. (*Denniston v. Skelly Oil Co.* (3d Dist. 1977), 47 Ill. App. 3d 1054, 362 N.E.2d 712.) In determining the presence or absence of contributory negligence, as a matter of law, the rule governing directed verdicts is applied so that the determination of the absence of contributory negligence can only be made if all the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors the movant that no contrary verdict based on that evidence could ever stand. (*Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 229 N.E.2d 504.) "Contributory negligence" is the failure on the part of a plaintiff to exercise that care which, under the circumstances presented by the evidence, a reasonably prudent person would take to avoid injury. *Denniston v. Skelly Oil Co.* (3d Dist. 1977), 47 Ill. App. 3d 1054, 362 N.E.2d 712; *McInturff v. Chicago Title & Trust Co.* (1st Dist. 1968), 102 Ill. App. 2d 39, 243 N.E.2d 657.

■■ In this case, the plaintiff was standing next to a disabled vehicle, which was partially in a ditch and partially extending onto a highway, in a dense fog and at an unlighted intersection. Although the plaintiff's motive was commendable, reasonable men could disagree as to whether the plaintiff exercised the care which a reasonably prudent person would take to avoid injury under these circumstances. Therefore, the trial court erred by taking this issue from the jury.

The second issue raised by the defendant is whether the trial court erred by denying his motion for a mistrial after his co-defendant was directed out of the suit at the close of the plaintiff's evidence. Although we need not now decide this issue, we believe the better procedure in the trial court would be to avoid any possible prejudice to the defendant by reserving its ruling on the directed verdict until after the jury returns its verdict and then granting a judgment *n.o.v.* to the appropriate defendant. Otherwise, a jury, having observed two defendants during part of the trial and observing that only one defendant remains, could infer that, were the remaining defendant not liable, the trial judge would also have released him. It is irrelevant whether the directed verdict in favor of the other defendant is proper or improper for the prejudice to the remaining defendant exists in either case. The action of the trial court here may have resulted in prejudice to this defendant, but any prejudice which may

result from this type of action by the trial court could, and should, be avoided in the future.

The defendant also argues that the amount of damages awarded was excessive. Because of our determination of the foregoing issues, we need not decide whether the damages were excessive.

Accordingly, the judgment of the Circuit Court of Kankakee County is reversed and the cause is remanded for a new trial.

Reversed and remanded.

STOUDER and SCOTT, JJ., concur.