RICHARD HAGERMAN, a minor, by MORRIS HAGERMAN, his father and next friend, Plaintiff-Appellant, v. NATIONAL FOOD STORES, INC. et al., Defendants-Appellees.

(No. 71-197;

Second District—May 19, 1972.

Morrison & Nemanich, of Waukegan, (Donald T. Morrison and Terrence J. Brady, of counsel,) for appellant.

Herbert J. Baker, of Chicago, for appellees.

Mr. JUSTICE THOMAS J. MORAN delivered the opinion of the court:

In an action for personal injuries and at the close of the case-in-chief, defendants were granted a directed verdict as to liability. Plaintiff appeals, contending that the trial court erred in: 1) directing the verdict and 2) rejecting offers of proof as to plaintiff's expert witness and refusing certain testimony of plaintiff's mother.

The evidence shows that in the vestibule of its store, defendant kept a double-tiered stand of 6 vending machines which dispensed candy, gum and the like. By agreement, Confection Specialties was responsible for supplying, maintaining and replacing both the machines and the goods vended and National received a percentage commission.

On April 27, 1968, the minor plaintiff accompanied his parents to defendant's store. While his parents were in the process of "checking out," plaintiff went to the vending machines to buy a gumball. He testified that after losing his penny in the machine, he remained in the vestibule where, it being baseball season, he practiced his "pitching arm." In the course of this activity, he stumbled or slipped, and fell into the machines, one of the glass globes broke and plaintiff's left hand was severely cut.

Plaintiff testified that he could not remember exactly what caused the glass globe to break; he was unable to say whether it broke as his hand hit it or as the result of the globe having hit the wall behind it. One witness testified to having seen plaintiff "facing the gumball machines with his hand in the air as if he was going to pitch a ball * * * and he was going toward the machines." However, the witness's vision was partially obstructed by the door frame, and he did not actually see plaintiff come into contact with the machines.

During trial, an offer of proof was made as to part of the testimony of plaintiff's mother. The substance of this offer was that she had shopped in the defendant food store for about ten years, during that period had frequently purchased merchandise from the vending machines and had noticed that the stand had a sway of approximately one-half inch which required her to brace the machine in order to turn the crank. She testified that the last occasion for such purchase and observation was during the week before the accident.

The rule concerning relevancy and materiality is that a court may, in its discretion, reject evidence which it feels is of little probative value because of its remoteness, uncertainty, or conjectural nature. (*Wood v. Prudential Ins. Co.* (1933), 271 Ill.App. 103, 110.) In the instant case, the offer of proof did not establish that there was a sway in the stand on the day in question, nor did it establish that it was defendant's maintenance of an unsteady stand, rather than the act of plaintiff, which

caused the accident. Further, the trial court expressly stated that, in reaching its decision on the motion for a directed verdict, it had taken the proffered testimony of plaintiff's mother into consideration. Thus, we find no reversible error on this point.

Plaintiff called on Grant Harris as an expert witness. He testified, by way of an offer of proof, that his occupation was the installation and servicing of vending machines and that he was familiar with the type of machine and stand involved in the instant accident. While he had no particular education background, he had been in the business for over fifteen years, had attended various displays or trade shows at which the safety features of the machines had been demonstrated, and had read literature relative to the durability of the machines. Based on his experience and observation, he felt that the glass globe involved could not have broken merely from contact with plaintiff's hand, but that the globe must have come in contact with a harder material such as the wall behind the machine.

■■■ The qualification of a witness to testify as an expert is a matter within the discretion of the trial court, and relative to the particular circumstances of the case. (*Mahlstedt v. Ideal Lighting Co.* (1915), 271 Ill. 154, 170-171; *Moren v. Samuel M. Langston Co.* (1968), 96 Ill.App.2d 133, 142.) Testimony will not be accepted as expert unless the witness exhibits a peculiar knowledge or expertise beyond that of the average layman or juror. (*Taylor v. The Carborundum Co.* (1969), 107 Ill.App.2d 12, 18-19; *Hays v. Place* (1953), 350 Ill.App. 504, 510-511.) The "expertise" of the proffered witness here was based solely on hearsay gained from trade exhibit demonstrations and trade literature. He had no first hand knowledge of the tensile strength of the glass globes, nor had he conducted his own experiments on that factor. Therefore, the court did not abuse its discretion by excluding the testimony on the grounds that the witness did not qualify as an expert.

■■ Finally, in what we determine to be the main issue on appeal, it is contended that the trial court erred in directing a verdict for the defendants. The trial court held that the plaintiff had failed to establish a *prima facie* case against defendants and particularly stressed the absence of evidence regarding how the accident occurred. It is acknowledged that, on this point, the rule to be followed is that of *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill.2d 494, 510, where it was held that directed verdicts should be granted only where all of the evidence, when viewed most favorable to the opponent, so overwhelmingly favors the movant of the motion that no contrary verdict could ever stand.

■■ From a reading of the record it is apparent that the plaintiff himself was unable to say how the glass globe of the machine was broken. Con-

sidering the proffered testimony of plaintiff's mother (as the trial court did) that the stand was unsteady, there is still no evidence that the globe broke when it hit against the wall.

■■■ Liability cannot be predicated upon surmise or conjecture as to the cause of the injury; proximate cause can only be established when there is a reasonable certainty that defendants' acts caused the injury. (*Guttman v. Salvaggio* (1969), 117 Ill.App.2d 375, 383-386; *Sansone v. Atchison, T. & S.F. Ry. Co.* (1967), 83 Ill.App.2d 435, 437. Also see, *Tiffin v. The Great A. & P. Tea Co.* (1959), 18 Ill.2d 48, 60-61.) It is patent that no liability existed unless defendant's alleged negligence was the legal cause of plaintiff's injury. (*Pitts v. Basile* (1966), 35 Ill.2d 49, 54.) Failing to establish this element of proximate cause, plaintiff had not sustained his burden of making a *prima facie* case of negligence, and it was proper to direct the verdict for defendants. See, *Driscoll v. Rasmussen Corp.* (1966), 35 Ill.2d 74, 78-79.

For these reasons, the order of the trial court directing a verdict for defendants will be affirmed.

Order affirmed.

SEIDENFELD, P. J., and ABRAHAMSON, J., concur.