JOHN TRUELSEN, Ex'r of the Estate of NELLIE TRUELSEN, Plaintiff-Appellant, *v*. RICHARD LEVIN *et al.*, Defendants-Appellees.

(No. 59612; ◼◼◼◼◼◼)

First District (3rd Division)—November 21, 1974.

*Rehearing denied January 9, 1975.*

William Andrew Kelly, of Chicago, for appellant.

Francis D. Morrissey, Ernest C. Meloche, and Edward J. Zulkey, all of Baker & McKenzie, of Chicago, for appellees.

Mr. JUSTICE McGLOON delivered the opinion of the court:

John Truelsen, as executor of the estate of Nellie Truelsen, brought this action against the defendants to recover for personal injuries allegedly caused by the defendants' negligence in failing to provide Mrs. Truelsen, whom the defendants had employed to care for their minor children, with a safe place to work. Specifically, the complaint charged that the defendants carelessly and negligently maintained a dishwasher in the kitchen in such a condition that it leaked water onto the floor; that as a consequence, defendants kept a small rug in the kitchen where it was likely to cause a person to trip, stumble or fall; and that as a direct and proximate result, Mrs. Truelsen fell and was injured. At the close of plaintiff's evidence the trial court ordered a directed verdict for the defendants and it is from this order that plaintiff now appeals.

We affirm.

Plaintiff contends on appeal that the trial court improperly excluded certain evidence and that with this evidence the case should have gone to a jury. Defendants contend that (1) the evidence was properly excluded and (2) that even if such evidence were admitted the trial court was still correct in directing a verdict for defendants.

The decedent, Nellie Truelsen, was employed as a babysitter by defendants Richard and Audrey Levin at their residence in Niles, Illinois, while the Levins were away on vacation in January of 1968. During this period, specifically January 18, 1968, the Niles Fire Department responded to a call at the Levins' house and upon arriving found Mrs.

Truelsen injured and in a disabled condition. The fire department ambulance then took Mrs. Truelsen to Lutheran General Hospital where she received emergency treatment. Several days later, Mrs. Truelsen was transferred to Northwest Hospital where she was operated on. The day after the operation Mrs. Truelsen died.

There were no eyewitnesses to this accident and plaintiff relied basically on circumstantial evidence in proving his case in the trial court. The trial court admitted into evidence the report of the Niles Fire Department which states that Mrs. Truelsen fell in the kitchen and the nurse's report at Lutheran General Hospital which states that Mrs. Truelsen slipped on a rug and fell.

Plaintiff at trial established that a dishwasher was kept in the kitchen of the Levins' house. Plaintiff further attempted at trial to show that the dishwasher leaked on occasion, and that when it would leak it was the practice and custom to place a rug under the dishwasher to catch the suds and water. Plaintiff's questions along these lines were objected to by defendants and such objections were sustained by the trial court.

Plaintiff then made an offer of proof outside of the presence of the jury and read into the record certain portions of the depositions of Richard Levin taken August 4, 1971, and Sandra Sedorchuk Petersen taken August 3, 1971. The offer of proof showed the following: that a rug was kept in a recession underneath the dishwasher when the dishwasher was in operation; that when the dishwasher would leak the rug was placed on the floor underneath the dishwasher to catch the excess suds that would drip over; that the dishwasher was used once a day on the average and would leak perhaps once a week or once a month. The offer of proof further indicated that the defendants wanted the rug to be placed on the floor when the dishwasher leaked and that when Sandra Sedorchuk Petersen arrived shortly after the accident the rug was gone.

■■ It is plaintiff's contention on appeal that such evidence should have been admitted by the trial court and that such evidence established a jury question on the issues of negligence and proximate cause. We feel, however, that even if such evidence were admitted, the trial court was still correct in directing a verdict for the defendants. It is true, as plaintiff contends, that circumstantial evidence may be used to prove a fact in issue when there are no eyewitnesses. (See *Holsman v. Darling State Street Corp.* (1955), 6 Ill.App.2d 517, 128 N.E.2d 581, and *Golden v. Big Bear Foods, Inc.* (1968), 102 Ill.App.2d 237, 243 N.E.2d 730.) However, it is also true as stated in *Coulson v. Discerns* (1946), 329 Ill.App. 28, 32, 66 N.E.2d 728, 730:

> "A fact cannot be established by circumstantial evidence unless the circumstances are of a nature and so related to each other that

it is the only conclusion that can be drawn therefrom, and mere conjecture, guess, or suspicion is insufficient." See also *Fabschitz v. King* (1973) 10 Ill.App.3d 43, 45, 293 N.E.2d 916, 918.

■■ In the case at bar the only evidence concerning the proximate cause of the accident are the nurse's report which indicates that Nellie Truelsen fell on a rug and the fire department report which indicates that Nellie Truelsen fell in the kitchen. The offer of proof allegedly indicated that a rug was customarily placed under the dishwasher when it leaked, which was approximately once a week or once a month. There is no evidence, however, that the floor was wet at the time of the accident or that the rug was on the floor when the fire department arrived. Under these facts, to say that defendants' negligence in maintaining a leaky dishwasher was the proximate cause of Mrs. Truelsen's injury would be mere conjecture. As stated in *Hagerman v. National Food Stores, Inc.* (1972), 5 Ill.App.3d 439, 443, 283 N.E.2d 321, 324:

"Liability cannot be predicated upon surmise or conjecture as to the cause of the injury; proximate cause can only be established when there is a reasonable certainty that defendants' acts caused the injury. (*Guttman v. Salvaggio* (1969), 117 Ill.App.2d 375, 383-386, *Sansone v. Atchison, T. & S.F. Ry. Co.* (1967), 83 Ill.App.2d 435, 437. Also see, *Tiffin v. The Great A. & P. Tea Co.* (1959), 18 Ill.2d 48, 60-61.) It is patent that no liability existed unless defendants' alleged negligence was the legal cause of plaintiff's injury. (*Pitts v. Basile* (1966), 35 Ill.2d 49, 54.) Failing to establish this element of proximate cause, plaintiff had not sustained his burden of making a prima facie case of negligence, and it was proper to direct the verdict for defendants. See, *Driscoll v. Rasmussen Corp.* (1966), 35 Ill.2d 74, 78-79."

Essentially the same rule of law is quoted in *McInturff v. Chicago Title & Trust Co.* (1968), 102 Ill.App.2d 39, 243 N.E.2d 657. In *McInturff* the plaintiff fell down a stairway in a building owned by the Chicago Title and Trust Company. There were no eyewitnesses to the accident. Evidence admitted at trial showed that the stairs were worn and that, in violation of a city ordinance, there was no railing on the right hand side of the stairway. In overturning the jury's decision for the plaintiff, the Illinois Appellate Court reasoned as follows:

"The fragmentary evidence on the issue of the defendants' negligence did not establish any relationship between the alleged negligence and the proximate cause of the decedent's fall and injury. There was no direct evidence relative to what took place prior to and at the time of the decedent's injury. There was no proof that

the condition of the stairway, or the alleged failure to comply with the handrail ordinances, caused by the injury or damage suffered by the plaintiff. The burden was on the plaintiff to establish by a preponderance of the evidence the causal relation between the alleged negligence and the injury sustained by the decedent. Absent proof of a causal relationship between the condition of the stairs and the decedent's death, the plaintiff was not entitled to recover. Damages cannot be assessed on mere surmise or conjecture as to what probably happened to cause his injury and death. *Withey v. Illinois Power Co.,* [32 Ill.App.2d 163, 170, 177 N.E.2d 254]." *McInturff v. Chicago Title and Trust Co.,* 102 Ill.App.2d 39, 49, 243 N.E.2d 657, 662.

■■ The rule concerning directed verdicts in Illinois is clearly stated in *Pedrick v. Peoria & Eastern Ry. Co.* (1967) 37 Ill.2d 494, 510, 229 N.E.2d 504, 513-14:

"[V]erdicts ought to be directed * * * only in those cases in which all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand."

The record indicates that the trial court used the above standard in directing a verdict in favor of the defendants and we agree with the trial court's decision. Accordingly, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

DEMPSEY and MEJDA, JJ., concur.