Mary Lou Potter, Plaintiff-Appellant, v. Susan Edgar, Defendant-Appellee.

(No. 60647;

First District (3rd Division)—November 6, 1975.

Arthur S. Gomberg and Sheldon S. Gomberg, both of Chicago (Samuel Nineberg, of counsel), for appellant.

Querrey, Harrow, Gulanick & Kennedy, Ltd., of Chicago (John J. Corbett, of counsel), for appellee.

Mr. JUSTICE MEJDA delivered the opinion of the court:

Plaintiff, Mary Lou Potter, filed an action against Susan Edgar for personal injuries. At the close of plaintiff's case, before a jury, the trial court directed a verdict and entered judgment for defendant. Plaintiff appeals.

Initially, we denied a motion of defendant to dismiss the appeal. After briefs were filed, the motion was renewed, then taken with the case.

Upon further consideration, we adhere to our previous denial of the motion. The only issue on appeal is whether the trial court properly directed a verdict for defendant.

At the trial, plaintiff testified that on March 24, 1970, at about 10 a.m., she was a passenger in the front seat of an automobile driven by Mrs. Lillian Legault. Mrs. Legault was driving west on Granville Avenue looking for a parking space when she noticed one along the south curb. She drove a few feet past the space and made a left turn into an alley, then stopped there for a few seconds while she and plaintiff debated if they should park behind the apartment building at the southwest corner of the alley or on the south side of Granville Avenue. Plaintiff testified that while they were in the alley the car was hit in the right rear; that prior to the impact she did not see the other vehicle; that after they were hit she turned and saw the other car moving across the street headed north; and that she thought it was going 25 to 30 miles an hour. She testified that there was a Volkswagen on the south side of Granville, just west of the alley; that just behind it was a normal size car; and that Mrs. Legault's automobile extended out into the street about 6 inches. She stated that the right rear bumper of Mrs. Legault's car was hit, causing a very small dent; that there was not much damage to Mrs. Legault's car, and that after the impact it was still parked where it had been hit.

On cross-examination plaintiff said that Mrs. Legault did not put the car in reverse while they were talking in the alley; she did not begin backing, and the car remained motionless. The car parked behind the Volkswagen was 2 feet or a foot and a half wider than the Volkswagen, so that Mrs. Legault's car "was about two feet inside the outside edge" of the second parked car; that the car was not moving, and after the accident was still parked 6 inches beyond the side of the Volkswagen where it remained from the time it was hit; it was never moved from that spot.

Mrs. Lillian Legault substantially corroborated the testimony of plaintiff; she further stated that she was driving west on Granville Avenue looking for a parking space and saw one on the south side of the street; that she could see approximately 2 or 3 blocks down the street and did not observe any cars coming toward her from the west; she saw cars parked on the south side, but saw a parking space and pulled into the alley; there was a Volkswagen about a car length from the alley, and a regular car behind it on the south side of the street. She said that while parked in the alley she turned around in her seat to see if any traffic was coming; she first looked east and saw no traffic, then looked west; she shifted the car into reverse and turned around to start

backing when she felt a jar on the car. The car had not started moving at any time prior to the impact; the end of her car was about 4 inches past the end of the Volkswagen; and to the best of her knowledge her car was "still inside the left side of the big car that was in back of the Volkswagen." Mrs. Legault further testified that she did not see defendant's vehicle at any time before the impact; that the right rear bumper of her car came in contact with defendant's right rear fender; there was a sudden jarring motion and plaintiff had a sudden violent motion toward the front and back, "a rocking motion." She said she saw defendant's car swerve to the left and strike the building on the north side of the street; and after the impact her car was still in the alley where she had stopped.

On cross-examination, Mrs. Legault said she looked east and looked west, then shifted into reverse, started backing and "got struck." She had just shifted into reverse before she started to back and had not put the car into motion and her foot was still on the brake. She said that in a previous written statement given to her insurance agent she had stated that as she pulled into the alley she looked to the west and then to the east, then turned around in her seat and looked west again; that a car she "never saw before just barely tipped my bumper and I stopped"; that she stayed right where she was; and the other car swerved to the left and hit a building. She said the statement was true then and it was true at the time of the trial.

Plaintiff stated that defendant's deposition testimony "which was read into the record, was that she observed the vehicle driven by Mrs. Legault for 2 car lengths before the collision occurred, that the first time she saw the car [plaintiff's] was on the street and that she [defendant] was driving up to 25 m.p.h. before this collision." The record does not disclose that defendant's deposition was read into the record. However, during the argument on defendant's motion for a directed verdict, defense counsel commented on the statements in defendant's deposition to the effect that "defendant had seen the plaintiff's vehicle two car lengths away when the tail end was in the street"; that defendant was "traveling at a rate of twenty-five miles an hour before the collision"; and that "the defendant applied the brakes and swerved to the left to avoid impact." The trial court, in commenting on the deposition, said to plaintiff's counsel, "the so-called admissions from the deposition and those 'admissions' in my opinion do not show any negligence on her [defendant's] part."

Both parties rely upon *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill.2d 494, 510, 229 N.E.2d 504, where the court said:

"In our judgment verdicts ought to be directed and judgments

*n.o.v.* entered only in those cases in which all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand."

Plaintiff contends that in light of *Pedrick* the trial court erred in directing a verdict for defendant because the issue of plaintiff's freedom from contributory negligence was a question of fact to be determined by the jury. Plaintiff also contends that the trial court erred in "finding that plaintiff's driver was the sole, approximate [*sic*] cause of the accident." Although the trial court, during the argument on defendant's motion for a directed verdict, stated that "the plaintiff has the burden even though she was a passenger, in showing she was free of contributory negligence in this situation" and further stated that "the sole cause of the accident was the driver of the plaintiff's vehicle, the one in which she was riding, she is, in my opinion, the sole cause of the accident," the trial court based its decision on its belief that "there is no proof whatsoever of any negligence on the part of the defendant." Our opinion will be limited to the question of whether plaintiff proved negligence on the part of defendant.

■■ Liability cannot be predicated upon surmise or conjecture as to the cause of the injury; proximate cause can only be established when there is a reasonable certainty that defendant's acts caused the injury. (*Driscoll v. Rasmussen Corp.* (1966), 35 Ill.2d 74, 219 N.E.2d 483; *Guttman v. Salvaggio* (1969), 117 Ill.App.2d 375, 254 N.E.2d 637.) It is clear that no liability exists unless defendant's alleged negligence is the legal cause of plaintiff's injury. (*Truelsen v. Levin* (1975), 24 Ill. App.3d 733, 321 N.E.2d 528; *Hagerman v. National Food Stores, Inc.* (1972), 5 Ill.App.3d 439, 283 N.E.2d 321.) Failing to establish this element of proximate cause, a plaintiff has not sustained her burden of making a prima facie case in negligence, and it is proper to direct a verdict for defendant. *Truelsen v. Levin.*

In the instant case, plaintiff failed to introduce any evidence whatsoever of negligence on the part of defendant. Plaintiff was a passenger in a vehicle operated by Mrs. Lillian Legault. They were driving west on Granville Avenue, Chicago, when they saw a parking space on the south side of the street and made a left turn into an alley to reverse and occupy the parking space. Plaintiff testified that Mrs. Legault shifted to reverse gear and was preparing to back up, when the accident occurred. Both plaintiff and Mrs. Legault said the car was not moving backwards when it was struck by defendant's vehicle. Plaintiff testified that a Volkswagen was parked on the south side of Granville Avenue, just west of the alley; that behind it was a normal size car; and that Mrs.

Legault's automobile extended out into the street about 6 inches. She said the car parked behind the Volkswagen was 2 feet or a foot and a half wider than the Volkswagen so that Mrs. Legault's car was about 2 feet inside the left fender of the second car. Mrs. Legault's car was not moving, and was still stopped 6 inches beyond the side of the Volkswagen after the accident.

Mrs. Legault testified that her car had not started moving at any time prior to the impact; that it was about 4 inches past the end of the Volkswagen; and that to the best of her knowledge it was still "inside the left side of the big car that was in back of the Volkswagen." On the other hand, in a statement to her insurance agent, Mrs. Legault said, "A car I never saw before just barely tipped my bumper and I stopped." She stated that this statement was true when given to her insurance agent and was true at the time of trial. Defendant stated in her alleged deposition that she saw "the plaintiff's vehicle two car lengths away when the tail end was in the street."

Both plaintiff and Mrs. Legault stated that they did not see defendant's vehicle at any time before the accident. If we accept their testimony that their automobile was stopped with the rear end approximately a foot and a half south of the regular size car behind the Volkswagen, it would have been necessary for defendant to make a sharp right turn after passing the car parked behind the Volkswagen in order to hit Mrs. Legault's right rear bumper. The trial court was of the opinion that Mrs. Legault's car was not stopped because "obviously the defendant in driving the vehicle in that lane would have struck the car immediately behind the Volkswagen." Since there is no testimony in the record that defendant made a right turn or hit the Volkswagen or the other car, there is no evidence of defendant's negligence. Plaintiff did not sustain her burden of making a prima facie case of negligence. *Truelsen v. Levin.*

On the other hand, the trial court was of the opinion that Mrs. Legault's car was moving; and that "the accident could not have happened if it had not been moving." This conclusion is in accordance with Mrs. Legault's other version that she brought her car to a stop after the impact and the alleged deposition of defendant that the tail end of Mrs. Legault's car was in the street. The trial court implied that defendant could not have been negligent if Mrs. Legault backed out of the alley, saying:

> "She [defendant] had a right to travel in the eastbound lane. And when she was traveling, she had the right to assume that somebody would not be coming out of that alley or at least to yield the right of way. She had the right to assume that certainly

38

no one would back out of the alley under the circumstances, and therefore I just don't think you have a case."
See section 11—1205 of the Motor Vehicles Act (Ill. Rev. Stat. 1971, ch. 95½, par. 11—1205).

From the record, it is apparent plaintiff had not sustained her burden of making a prima facie case of negligence, and it was therefore proper to direct the verdict for defendant. Further, the record indicates that the trial court reviewed all the evidence in its aspect most favorable to plaintiff and concluded that it so overwhelmingly favored defendant that no contrary verdict based on the evidence could ever stand. The court did not err in directing a judgment for defendant. *Pedrick v. Peoria & Eastern R. R. Co.; Truelsen v. Levin.*

Accordingly, defendant's motion to dismiss the appeal which was taken with the case is denied and the judgment of the circuit court of Cook County directing a verdict in favor of defendant is affirmed.

Motion denied; judgment affirmed.

McGLOON, P. J., and DEMPSEY, J., concur.