DOROTHY WIEBEL, Plaintiff-Appellant, *v.* MID-CONTINENT BOTTLERS, INC., *et al.*, Defendants-Appellees.

Third District   No. 78-280

Opinion filed April 10, 1979.

John G. Ames, of Minteer, Ames & Buckrop, of Coal Valley, for appellant.

Raymond T. Walton and Joseph C. Creen, both of Davenport, Iowa, for appellee Mid-Continent Bottlers, Inc.

Peter C. Fieweger, of Katz, McAndrews, Durkee & Telleen, of Rock Island, for appellee A. D. Huesing Corporation.

Mr. PRESIDING JUSTICE BARRY delivered the opinion of the court:

The plaintiff, Dorothy Wiebel, brought suit against the defendants, Mid-Continent Bottlers, Inc., and A. D. Heusing Corporation, for injuries sustained when a soda pop bottle fell off of a shelf in a grocery store and shattered, allegedly cutting her leg. After the presentation of the plaintiff's case, the trial court granted defendants' motions for directed

verdict in their favor. It is from this order for directed verdict that plaintiff appeals.

On August 13, 1970, Mrs. Wiebel was shopping for groceries and soda pop at a National Food Store in Rock Island, Illinois. The pop in the store was provided by the defendant distributors, Mid-Continent Bottlers, selling Dr. Pepper, Squirt, and Canada Dry, and A. D. Heusing, selling Pepsi-Cola, Diet Pepsi, and Teem, to the store for eventual resale to National patrons. Employees of Mid-Continent and Heusing would deliver and stock six pack cartons of bottled pop at the store in self-service displays comprised of two shelves approximately four feet wide. On the bottom shelf the six pack cartons were stacked three cartons high and five or six cartons deep on a tilt-back rack furnished by one of the pop companies. According to the testimony, this entire display was approximately 36 inches high. The cartons on this bottom shelf were not separated by plastic runners, but rested one on top of another. Above the shelf displaying the stacked six pack cartons was another shelf on which were placed cans and loose quart bottles of pop. The defendants were responsible only for the stacked cartons of pop they displayed on the bottom shelf. The manager of the National Store, William Edmonds, testified that the display was periodically straightened out and kept in an orderly condition by store personnel.

Mrs. Wiebel testified that upon coming to the pop display, she picked up a six-pack of Pepsi-Cola and placed it in her shopping cart. She then reached for a six-pack of Dr. Pepper, which she testified was located at shoulder height (approximately 4½ feet). As she reached for the Dr. Pepper, out of her left eye she noticed that two feet away at eye level a single clear bottle was teetering or "jiggling" and was about to fall. She stepped back to get out of the way of the falling bottle. She then clasped her leg and discovered that she had been cut.

Because there were no eyewitnesses to Mrs. Wiebel's accident, the plaintiff was the only one who testified to the immediate events leading up to her injury. On cross-examination, Mrs. Wiebel testified that on the day of the accident her recollection was that there was no disarray in the section of the display where the six packs were stacked, that there was nothing unusual about the way in which the pop was stored or shelved, and that the shelves appeared normal. Mrs. Wiebel further testified on cross-examination that not only did she not see any identifying mark on the bottle that fell, but she also did not know whether the bottle she saw teetering actually fell, and in fact did not know what cut her leg.

After the plaintiff had presented all of her evidence, the defendants moved for directed verdicts, which were denied. The defendants then rested without introducing any evidence on their own behalf, and again moved for directed verdicts. At this time the trial court granted the

defendants' motions for directed verdicts in their favor on the grounds that as a matter of law, at the close of all the evidence, there was no proof that either defendant was guilty of negligence which proximately caused the injury complained of by the plaintiff. The sole issue before us now concerns the propriety of these directed verdicts in favor of the defendants.

In determining whether the trial court properly granted defendants' motions for directed verdicts, we are naturally guided by the rules of *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 229 N.E.2d 504: Does all of the evidence, when viewed in its aspect most favorable to the plaintiff, so overwhelmingly favor the defendant that no contrary verdict based on that evidence could ever stand? After applying the *Pedrick* rule to this case, we believe for the reasons stated below that the directed verdicts were proper.

■■ From our examination of the evidence presented by the plaintiff, we fail to see that she proved a prima facie negligence case against either defendant. "It is axiomatic that '[a] complaint for negligence must set out: The existence of a duty owed by the defendant to the plaintiff, a breach of that duty and an injury proximately resulting from the breach.' " (*Publication Corp. v. Chicago River & Indiana R.R. Co.* (1977), 49 Ill. App. 3d 508, 512, 364 N.E.2d 523, 526 (quoting *Cunis v. Brennan* (1974), 56 Ill. 2d 372, 374, 308 N.E.2d 617, 618). In contending that the defendants owed a duty to the plaintiff to act with reasonable care in designing and servicing their pop displays, plaintiff relies upon *Lovejoy v. National Food Stores, Inc.* (1973), 12 Ill. App. 3d 982, 299 N.E.2d 816. In *Lovejoy*, the plaintiff was injured when a soda pop bottle fell (or was knocked by another customer) from a stack of cartons somewhat similar to the display in the case at bar. The court there held that a duty was owed by the defendant proprietor to exercise reasonable care for the safety of his customers, who were classified as business invitees. Although the defendants argue that the duty found to exist in *Lovejoy* cannot extend to them because they are not the proprietors or storekeepers of the National Food Store where the accident occurred, it is clear that they were responsible for the stacking of the six-pack cartons. As a consequence, by analogy from *Lovejoy*, the defendants owed a duty to plaintiff to exercise reasonable care in the stacking of the cartons at the pop display.

Although the defendant distributors owed a duty to prospective National patrons to use reasonable care in the stacking of the cartons of pop, we find no evidence presented by plaintiff that either of the defendants breached this duty. The allegations of plaintiff's second amended complaint relating to the manner in which the defendants acted negligently are unsupported by the evidence presented by plaintiff at trial, and in fact in her brief the plaintiff makes no attempt to point out

any testimony arguably supportive of those allegations. This alone may be regarded as fatal to plaintiff's argument that the directed verdict was improper. "If no evidence is introduced tending to prove the allegations of the complaint, or if but a bare scintilla of evidence has been adduced, the court should direct a verdict, * * *." (*Lovejoy v. National Food Stores, Inc.* (1973), 12 Ill. App. 3d 982, 985, 299 N.E.2d 816, 818.) Instead, however, the plaintiff bases her contention that the defendants breached a duty owed to her on the factual similarity of this case to *Lovejoy*. In *Lovejoy*, the court found that the evidence presented, "if believed, would establish that defendant failed to use reasonable care by selecting a manner of display *which it recognized as creating a hazard to its customers.*" (Emphasis added.) (12 Ill. App. 3d 982, 987, 299 N.E.2d 816, 820.) The defendant proprietor in *Lovejoy* recognized the display as creating a "hazard" when the plaintiff successfully secured an admission by the defendant's assistant manager that he made periodic inspections of the display to check for "hazards" that might be present. Although the National Store employees in the case at bar did periodically check the display to replace any out-of-place bottles and to straighten the shelves, there is no admission by either of the defendants in this case that the display was in any way dangerous or hazardous to National Store customers, and indeed no evidence that the display created any kind of hazard at all. If anything, the testimony of Mrs. Wiebel that the shelves did not appear in disarray and the display in all respects seemed normal, there being nothing unusual in the way the pop was stored or shelved, is contrary to her contentions and to the facts in *Lovejoy*. In addition, *Lovejoy* is distinguishable because many of the facts surrounding the plaintiff's injury and the resulting damages in that case were in dispute, as opposed to the facts in the case before us. For these reasons, the plaintiff's reliance upon *Lovejoy* for the proposition that the defendants breached a duty owed to her is misplaced.

The final element of the prima facie negligence case, as stated in *Publication Corp. v. Chicago River & Indiana R.R. Co.* (1977), 49 Ill. App. 3d 508, 364 N.E.2d 523, is proximate causation. On this point, the court, in *Potter v. Edgar* (1975), 34 Ill. App. 3d 33, 36, 339 N.E.2d 321, 324, stated:

> "Liability cannot be predicated upon surmise or conjecture as to the cause of the injury; proximate cause can only be established when there is a reasonable certainty that defendant's acts caused the injury. (*Driscoll v. Rasmussen Corp.* (1966), 35 Ill. 2d 74, 219 N.E.2d 483; *Guttman v. Salvaggio* (1969), 117 Ill. App. 2d 375, 254 N.E.2d 637.) It is clear that no liability exists unless defendant's alleged negligence is the legal cause of plaintiff's injury. (*Truelsen v. Levin* (1975), 24 Ill. App. 3d 733, 321 N.E.2d 528; *Hagerman v.*

*National Food Stores, Inc.* (1972), 5 Ill. App. 3d 439, 283 N.E.2d 321.) Failing to establish this element of proximate cause, a plaintiff has not sustained her burden of making a prima facie case in negligence, and it is proper to direct a verdict for defendant. *Truelsen v. Levin.*"

■■■ The plaintiff contends that the defendants are liable for her injuries even though the bottle which fell and injured her may have been placed in a precarious position by a third person because the act of that third person is forseeable to these defendant distributors and does not break the chain of legal causation. (See *Felty v. New Berlin Transit, Inc.* (1978), 71 Ill. 2d 126, 374 N.E.2d 203; *Ray v. Cock Robin, Inc.* (1974), 57 Ill. 2d 19, 310 N.E.2d 9.) However, if the negligence of the defendants constitutes nothing more than the creation of a condition, and that condition, by such subsequent act of a third party, causes injury, the act of the third person is to be regarded as an efficient intervening cause which breaks the chain of legal causation, and the existence of the condition is no longer to be considered the proximate cause of the injury. (*Merlo v. Public Service Co.* (1942), 381 Ill. 300, 45 N.E.2d 665; *Storen v. City of Chicago* (1940), 373 Ill. 530, 27 N.E.2d 53.) Given the facts of this case, we think it is clear that even if the defendants were negligent in stacking the cartons (which we have already stated we believe not to be the case), their actions created nothing more than a condition which only caused injury when acted upon by some unknown third person. As a consequence, the act of that third person makes the creation of the condition the remote rather than the proximate cause of the injury to which liability will not extend. To hold otherwise would be tantamount to making the defendants the insurers of the safety of every forseeable plaintiff, which we refuse to do.

On the basis of all the foregoing, we find that although the defendant distributors did owe a duty of reasonable care to the plaintiff in the displaying of their products, there is no evidence that the defendants breached that duty, nor are these defendants' acts the proximate cause of the plaintiff's injury. It is nothing but conjecture on the part of the plaintiff that defendants' action led to her injury, and as the court in *Potter v. Edgar* so aptly put it, "[l]iability cannot be predicated upon surmise or conjecture * * *." 34 Ill. App. 3d 33, 36, 339 N.E.2d 321, 324.

For the above reasons, the judgment of the Circuit Court of Rock Island County is affirmed.

Judgment affirmed.

ALLOY and SCOTT, JJ., concur.