ANN KIMBROUGH, Plaintiff-Appellant, *v.* JEWEL COMPANIES, INC., Defendant-Appellee.

First District (4th Division)    No. 79-2104

Opinion filed January 22, 1981.

Ward P. Fisher, of Chicago, for appellant.

Victor J. Piekarski, of Querrey, Harrow, Gulanick & Kennedy, Ltd., of Chicago, for appellee.

Mr. PRESIDING JUSTICE ROMITI delivered the opinion of the court:

The plaintiff sued the defendant after she slipped and fell on a ramp upon leaving the defendant's store. The trial court granted the defendant's motion for summary judgment after the defendant produced a deposition of the plaintiff in which she repeatedly stated she did not know why she fell and interrogatories to which she responded there were no other known eyewitnesses.

We affirm.

The plaintiff, Ann Kimbrough, alleged in her unverified complaint that while she was in the exercise of due care, she exited from defendant's premises and fell in an area near the door from which she left the store.

She further alleged that this fall was caused by one or more of the following acts or omissions of the defendant:

1. failure to properly keep aforesaid area free and clear of all foreign substances and materials;

2. failure to properly and sufficiently design the aforesaid area;

3. failure to provide a sufficient and proper railing for persons exiting said area;

4. failure to properly inspect said area;

5. failure to provide proper protection for said area from the elements of the weather;

6. failure to provide a sufficient surface for the area;

7. otherwise improperly designed, maintained and controlled said area.

In answer to interrogatories, plaintiff stated that the names and addresses of persons other than the plaintiff who were witnesses to the accident or who were present immediately before, at the time of, or immediately after the occurrence, were unknown to the plaintiff at that time. In response to the question "state in detail what caused you to fall," plaintiff simply responded that she repeated and alleged the allegations in her complaint. Jewel thereafter filed a motion for summary judgment contending that since, as plaintiff admitted in her deposition, she had no idea why she fell, she was not aware of any construction defect in the ramp involved and the only foreign substance upon the surface of the ramp she was aware of were grease spots with which she never came into contact, she was unable to prove her case and there was no material issue of fact. Attached to this motion were certain pages of a deposition of the plaintiff.

In the deposition, the plaintiff stated that the ramp had been there for at least the two years she had been going to the store. She used that door more often than she did the other door. On the day of the accident, she walked out of the store and onto the ramp. She took one step on the ramp with her right foot and her feet went out from under her and she fell. She never got her left foot firmly planted. At the time she put her right foot on the ramp, she held her young daughter's hand with one hand and had the grocery bag and her wallet in the other hand.

The following questions and answers ensued:

"Q. Do you know what you fell on? By that I mean was there anything specific that your right foot covered that made you fall?

A. No, I don't remember.

Q. Did you feel as though your foot caught on something, or something rolled underneath it? Was there any sensation that you experienced when you fell?

A. It happened so fast. I don't remember.

Q. After you fell, did you look and see what you might have fallen on?

A. No I didn't.

Q. Do you have any idea, to this date, what you might have fallen on?

A. No I don't.

Q. As you came out of that door, * * * did you look at the ramp before you got to it?

A. No, I didn't.

Q. Did you look at the ramp at any time before you put your foot down onto it?

A. No, I didn't."

Plaintiff did state in her deposition that after she fell, it appeared that there were grease spots on the ramp where she fell. There was one large one about 5 inches in size, and a few smaller grease spots. She marked the place about where she fell on a photograph made part of the deposition. She could not be exact. There were dark spots on the photograph which she said were the grease spots. The dark spots in the photograph do not appear to be where she would have been walking, especially in light of the fact that she took only one step on the ramp. Plaintiff further stated that she did not know what kind of grease it might have been. It might have been from cars picking up groceries. She did not recall if the grease was wet. She never touched the grease. She did not feel to see if it was an accumulation of grease, or move it in any way to see if it was actually "gooey, or slippery" or something she could touch or grab onto.

She also admitted that she did not know if her foot actually touched the grease before she fell. Furthermore, she did not look at the bottom of her right shoe after her fall. She did not know if there was paper on the ramp at the time although she said there was always paper on the ramp. She did know if there was anything wrong with the construction of the ramp.

At the close of the deposition she repeated her statement that she had no idea why she fell.

Plaintiff filed no affidavits in response to the motion but simply contended in her response that her inability to recall what she fell on did not resolve material issues of fact since testimony on trial as to the alleged defective conditions might be introduced by independent witnesses in addition to plaintiff. As we already stated, the trial court granted the motion. ■■ As this court stated in *Cuthbert v. Stempin* (1979), 78 Ill. App. 3d 562, 396 N.E.2d 1197, a motion for summary judgment can only be granted where there are no genuine issues of material fact and the right of the moving party to judgment is clear and free from doubt. However, where the pleadings, depositions and other evidence before the court in a motion for summary judgment show that at trial a verdict would have to be

directed, entry of summary judgment is proper. *Fooden v. Board of Governors* (1971), 48 Ill. 2d 580, 272 N.E.2d 497, *cert. denied* (1972), 408 U.S. 943, 33 L. Ed. 2d 766, 92 S. Ct. 2847; *Leischner v. Daniel's Restaurant, Inc.* (1977), 54 Ill. App. 3d 568, 370 N.E.2d 157.

■■ The plaintiff stated repeatedly in her deposition that she did not know why she fell. She admitted that while she saw something that looked like grease in the area, she did not know whether it was grease, what kind it was, whether it was slippery, and most importantly, whether she had stepped on it. In other words, according to the plaintiff's own statements, she could produce no evidence (since according to her interrogatories she knew of no other witnesses) to show that even if there was some defect in the ramp, this object or this defect caused her fall. Liability cannot be predicated upon surmise or conjecture as to the cause of the injury; proximate cause can only be established when there is a reasonable certainty that defendant's acts caused the injury. (*Potter v. Edgar* (1975), 34 Ill. App. 3d 33, 339 N.E.2d 321; *Hagerman v. National Food Stores, Inc.* (1972), 5 Ill. App. 3d 439, 283 N.E.2d 321.) No liability can exist unless the defendant's alleged negligence is the legal cause of the plaintiff's injury and if the plaintiff fails to establish the element of proximate cause, she has not sustained her burden of making a *prima facie* case and a directed verdict is proper. *Potter v. Edgar* (1975), 34 Ill. App. 3d 33, 339 N.E.2d 321.

We find *Truelsen v. Levin* (1974), 24 Ill. App. 3d 733, 321 N.E.2d 528, *appeal denied* (1975), 58 Ill. 2d 595, *McInturff v. Chicago Title & Trust Co.* (1968), 102 Ill. App. 2d 39, 243 N.E.2d 657, *appeal denied* (1969), 40 Ill. 2d 579, and *Brett v. F. W. Woolworth Co.* (1972), 8 Ill. App. 3d 334, 290 N.E.2d 712, to be persuasive here. In *Truelsen,* the decedent was found on the floor in the plaintiff's home where she was working as a babysitter and taken to a hospital where she died. The fire department report stated she fell in the kitchen. The nurses' report stated she slipped on a rug and fell. The plaintiff attempted to introduce evidence that defendant had a leaky dishwasher, that a rug was placed under it when it leaked, and that the rug was gone shortly after the accident. The appellate court affirmed the directed verdict for the defendant, pointing out that there was no evidence that the floor was wet at the time of the accident and that to say that the defendant's negligence in maintaining a leaky dishwasher was the proximate cause of the injury would be mere conjecture.

In *McInturff* as in *Truelsen* there were no eyewitnesses to a fatal accident. In that case the plaintiff fell down a stairway. At trial it was shown that the stairs were worn and that in violation of a city ordinance there was no railing on the right hand side of the stair. The appellate court reversed a jury determination for the plaintiff, saying at 102 Ill. App. 2d 39, 49, 243 N.E.2d 657, 662:

"The fragmentary evidence on the issue of the defendants' negligence did not establish any relationship between the alleged negligence and the proximate cause of the decedent's fall and injury. There was no direct evidence relative to what took place prior to and at the time of the decedent's injury. There was no proof that the condition of the stairway, or the alleged failure to comply with the handrail ordinances, caused the injury or damage suffered by the plaintiff. The burden was on the plaintiff to establish by a preponderance of the evidence the causal relation between the alleged negligence and the injury sustained by the decedent. Absent proof of a causal relationship between the condition of the stairs and the decedent's death, the plaintiff was not entitled to recover. Damages cannot be assessed on mere surmise or conjecture as to what probably happened to cause his injury and death. *Withey v. Illinois Power Co.* [1961, 32 Ill. App. 2d 163, 170.]"

In *Brett*, the plaintiff tripped and fell when entering Woolworth's department store. The floor just inside the inner doors was covered by three 4 x 8 foot rugs approximately ½-inch thick with rubber backing and edging. The rugs were in excellent condition. Plaintiff testified her foot caught in the rug. However she admitted she did not know what there was about the rug that caused her fall. She contended that the butting together of the rugs created an unreasonably dangerous condition along the joined edges and that it was this depression which caused her to fall. The appellate court affirmed the trial court's entering of a judgment for the defendant notwithstanding the verdict since by her own admission plaintiff did not see or feel what caused the fall.

■■ It is clear from these cases that it is not enough for a plaintiff to show that he or she fell on the defendant's flooring. The plaintiff must go further and prove that some condition caused the fall and that this condition was caused by the defendant. Since the plaintiff has admitted that she does not know what caused the fall, and she has at no time mentioned other known witnesses who could present evidence as to this question, it is clear that plaintiff cannot prove her case and at trial a directed verdict for the defendant would be required. Accordingly the trial court properly granted the defendant's motion for summary judgment.

■■ The plaintiff both in the trial court and on appeal has contended that the motion for summary judgment was insufficient since it did not address all of the allegations of the complaint. But it was unnecessary for the defendant to establish that there was no defective condition on the property since it established that plaintiff could not prove any causal connection between such condition and the fall. Furthermore, it must be

remembered that although a complaint and answer may purport to raise issues of material fact, if such issues are not further supported by evidential facts through affidavits or other evidence, summary judgment is appropriate; if the party moving for summary judgment supplies facts which, if not contradicted, would entitle such a party to judgment as a matter of law, the opposing party cannot rely on his or her complaint or answer alone to raise genuine issues of material fact. *Carruthers v. B. C. Christopher & Co.* (1974), 57 Ill. 2d 376, 313 N.E.2d 457.

■■■ Plaintiff further contends that she was not required to establish her case on the motion for summary judgment and that at trial, additional unnamed witnesses might have established her right to recover. While the plaintiff was not required to prove her case at this point, she was required to present some factual basis that would arguably entitle her to a judgment under the applicable law. (*Cuthbert v. Stempin* (1979), 78 Ill. App. 3d 562, 396 N.E.2d 1197; *Gehrman v. Zajac* (1975), 34 Ill. App. 3d 164, 340 N.E.2d 184, *appeal denied* (1976), 62 Ill. 2d 589.) The summary judgment procedure is an important tool in the administration of justice; its use in a proper case is to be encouraged and its benefits inure not only to the litigants, in the saving of time and expenses, but to the community in avoiding congestion of trial calendars and the expenses of unnecessary trial. (*Fooden v. Board of Governors* (1971), 48 Ill. 2d 580, 272 N.E.2d 497, *cert. denied* (1972), 408 U.S. 943, 33 L. Ed. 2d 766, 92 S. Ct. 2847; *Manahan v. Daily News-Tribune* (1977), 50 Ill. App. 3d 9, 365 N.E.2d 1045, *appeal denied* (1977), 66 Ill. 2d 639; *Baier v. State Farm Insurance Co.* (1975), 28 Ill. App. 3d 917, 329 N.E.2d 543, *aff'd* (1977), 66 Ill. 2d 119, 361 N.E.2d 1100.) Were we to allow a plaintiff to avoid a motion for summary judgment by simply alleging that unknown witnesses might testify in some unspecified favorable way in the future, we would defeat the whole purpose of the summary judgment procedure since we would force the movant and the court to waste time and money to try the case in a full trial although there is no showing that plaintiff has even a *prima facie* case. If persons had knowledge favorable to plaintiff, it was her right to obtain affidavits or to inform the court of the reasons why she was unable to do so. (*Smith v. Ashley* (1975), 29 Ill. App. 3d 932, 332 N.E.2d 32, *appeal denied* (1975), 60 Ill. 2d 601.) She did neither.

Finally, the plaintiff, in her brief on appeal, remarks that only limited discovery had been completed and the case was a long time from trial. We agree that summary judgment should not be granted prematurely. (Compare *Greer v. Checker Taxi Co.* (1973), 10 Ill. App. 3d 814, 295 N.E.2d 71.) However there is in the record no motion by the plaintiff for discovery, or any motion to continue the motion for summary judgment until discovery could be had, or any argument to the trial court that the

plaintiff would in some way be prejudiced if such a continuance were not granted. Accordingly, such issue is not properly before this court. *Cuthbert v. Stempin* (1979), 78 Ill. App. 3d 562, 396 N.E.2d 1197.

For the foregoing reasons the judgment of the trial court is affirmed.

Affirmed.

LINN and JOHNSON, JJ., concur.