THE ILLINOIS STATE TOLL HIGHWAY AUTHORITY, Plaintiff-Appellant, v. WEST SUBURBAN BANK, as Trustee, *et al.*, Defendants-Appellees.

Second District   No. 2—90—0235

Opinion filed February 21, 1991.

Roland W. Burris, Attorney General, of Springfield (Gregory M. O'Brien, Special Assistant Attorney General, of Chicago, of counsel), for appellant.

Paul C. Miltonberger and Amy E. Smith, both of Katten, Muchin & Zavis, of Chicago, for appellees.

JUSTICE DUNN delivered the opinion of the court:

Plaintiff, Illinois State Toll Highway Authority, appeals from a jury verdict awarding $81,850 to defendants, West Suburban Bank, as trustee (Bank), and Dan Gracious, in an eminent domain action. On appeal, plaintiff contends that the trial court erred by failing to bar or limit the testimony of defendants' expert witness as a sanction for failure to comply with Supreme Court Rule 220 (134 Ill. 2d R. 220). Plaintiff further asserts that the trial court erroneously instructed the jury not to consider any evidence that Gracious illegally used adjoining State and county rights-of-way. We reverse and remand.

In February 1988, plaintiff filed its complaint for condemnation against defendants. Plaintiff sought fee simple title to a 500-square-foot

portion of a 26,676-acre parcel located at the northwest corner of North Avenue and Swift Road in unincorporated Du Page County. Plaintiff also sought an easement on another portion of the parcel. The Bank held title to the parcel as land trustee, and Gracious held the beneficial interest in the land trust. Gracious operated a Firestone tire franchise on the parcel which serviced trucks, most of which were semitrailer trucks.

In July 1988, a quick-take hearing was held with regard to the subject property pursuant to section 7—103 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 7—103). Paul Davis, an appraiser who worked for William McCann and Associates, testified for defendants. Davis testified that, in his opinion, the damage to the remainder of the parcel resulting from the take was $57,000. After the hearing, the trial court entered an order vesting title to the portion of the parcel sought by plaintiff, granting the requested easement, and allowing $38,350 in preliminary just compensation.

Plaintiff served a set of interrogatories upon defendants on September 7, 1988. Plaintiff requested in the interrogatories that defendants identify each expert witness upon whose opinions they intended to rely at trial, state the expert's opinion, and state the basis for each opinion. Trial was set for September 18, 1989. On September 15, 1989, plaintiff filed a motion to bar defendants from presenting any expert testimony at trial because defendants had not answered the September 1988 interrogatories and had not disclosed any expert witnesses to date. The trial court denied the motion. That same day, defendants filed answers to the interrogatories in which they identified Ken Polach, an appraiser with William McCann and Associates, as their expert witness. They subsequently informed plaintiff that Polach would testify that, in his opinion, the taking caused $137,000 in damage to the remainder.

On September 18, 1989, plaintiff presented a motion to bar Polach from testifying at trial because he was not timely disclosed as an expert witness pursuant to Supreme Court Rule 220(b) (134 Ill. 2d R. 220(b)). Plaintiff asserted during argument on the motion that it was prepared for the testimony of Davis rather than Polach. Defendants' attorney stated that Davis was no longer working for McCann and Associates. The trial court granted the motion and continued the trial until September 20, 1989, so defendants could attempt to find Davis.

On the day of trial, defendants disclosed that Davis would now testify that, in his opinion, the taking caused $137,000 in damage to the remainder. That same day before the trial began, plaintiff presented a motion to limit Davis to presenting valuation testimony consistent with his testimony at the quick-take hearing that the damage to the remainder totalled $57,000. The trial court denied the motion, and Davis

opined at trial that the damage totalled $137,000. The jury awarded defendants $68,500 in damage to the remainder and a previously stipulated amount of $13,350 as the value of the property taken, for a total of $81,850. Plaintiff now appeals.

Plaintiff argues that Davis should not have been permitted to testify because he was not timely disclosed as an expert witness pursuant to Supreme Court Rule 220(b)(1) (134 Ill. 2d R. 220(b)(1)). The rule states in relevant part as follows:

> "[T]he identity of an expert who is retained to render an opinion at trial on behalf of a party must be disclosed by that party either within 90 days after the substance of that expert's opinion first becomes known to that party or his counsel or, if the substance of the expert's opinion is then known, at the first pretrial conference in the case, whichever is later. *** Failure to make the disclosure required by this rule or to comply with the discovery contemplated herein will result in disqualification of the expert as a witness." 134 Ill. 2d R. 220(b)(1).

Defendants contend that by employing Davis as a witness at the quick-take proceeding, they disclosed him as an expert witness retained for use at trial for Rule 220 purposes. We disagree. In *Oldenburg v. Hagemann* (1991), 207 Ill. App. 3d 315, defendant argued that an expert had been disclosed for Rule 220 purposes by revealing his name in a supplemental response to interrogatories filed by a third-party defendant who was subsequently dismissed out of the case. Rejecting defendant's argument, this court stated that the supplemental response would have only served to notify Oldenburg of Hagemann's intention to call the expert as a witness in the third-party action. (*Oldenburg*, 207 Ill. App. 3d at 327.) Since Hagemann's desire to call the expert as a witness against Oldenburg remained a surprise to Oldenburg and his attorney until it was specifically revealed a few days before trial, the supplemental response to interrogatories was not adequate disclosure under Rule 220(b). *Oldenburg*, 207 Ill. App. 3d at 327.

It is apparent from *Oldenburg* that, in order to comply with Rule 220(b)(1), a party must not only reveal the identity of an expert but must also specifically reveal that the expert has been retained to render an opinion in the proceeding in question. (See *Oldenburg*, 207 Ill. App. 3d at 327.) The fact that Davis testified at the quick-take proceeding did not necessarily mean that he had been or would be retained to testify as an expert at the ultimate eminent domain trial. The facts of this case certainly make that clear since defendants lost track of Davis after the quick-take hearing and had no intention to use him as a trial witness until the eve of trial. We therefore determine that Davis was not actu-

ally disclosed for Rule 220(b)(1) purposes until September 1989.

Under Rule 220(b)(1), defendants were required to disclose that they had retained Davis as an expert to render an opinion at trial either within 90 days of learning the substance of his opinion or by the first pretrial conference, whichever is later. At the very latest, defendants first knew of Davis' opinion regarding damage to the remainder of the subject parcel when he testified at the quick-take hearing in July 1988. Defendants did not properly disclose Davis as an expert witness within 90 days of that time, nor was he properly disclosed prior to the first pretrial conference in December 1988. Consequently, defendants violated Rule 220(b)(1).

■ This court has determined that, if a party fails properly to disclose an expert witness under Rule 220(b)(1), the witness must be barred from testifying unless a manifest injustice would result. (*Phelps v. O'Malley* (1987), 159 Ill. App. 3d 214, 224.) Under the circumstances of this case, it would not have been a manifest injustice to bar Davis from testifying, especially since defendants' failure properly to disclose him resulted from their own lack of diligence in responding to plaintiff's interrogatories or in otherwise complying with the rule. Accordingly, we conclude that the trial court should have barred Davis from testifying. Our conclusion makes it unnecessary to determine whether the trial court erred by refusing to limit the scope of Davis' testimony pursuant to Supreme Court Rule 220(d) (134 Ill. 2d R. 220(d)). It may seem that plaintiff waived any argument that Davis should have been completely barred from testifying because plaintiff only sought to limit his testimony in the September 20 motion. Five days earlier, however, plaintiff unsuccessfully sought to have defendants barred from presenting any expert testimony because of Rule 220(b)(1) violations. Thus, there is no waiver.

■ Plaintiff asserts that, if this court determines that Davis should have been barred from testifying, as we have, there is no need to remand for a new trial, and this court should enter judgment in the amount of $18,900, representing the stipulated value of the property taken plus the $5,500 estimate of damage to the remainder provided in the testimony of plaintiff's expert, Fred Tadrowski. As plaintiff points out, in *Phelps*, the court held that the trial court erred by permitting an appraiser to testify about the value of a lot when his testimony should have been barred under Rule 220(b)(1). (*Phelps*, 159 Ill. App. 3d at 223-24.) Instead of remanding in *Phelps*, this court entered judgment for breach of a contract to purchase a lot, basing the judgment amount upon the difference between the contract price and the amount for which the lot was later sold. 159 Ill. App. 3d at 226.

In *Phelps*, it appears that when the testimony of the expert witness which should have been barred was disregarded, there was undisputed evidence concerning the damage amount, and this court relied upon said evidence when it entered judgment. The same is not true in this case. Gerald Lindgren, a traffic engineer, testified that, because of the taking, Gracious would have to spend about $74,000 to implement a plan proposed by Lindgren for repaving and other work to enable Gracious to continue operating his business in the same manner as he had prior to the taking. The jury could have concluded from this testimony that the damage to the remainder was $74,000, not $5,500 as Tadrowski stated. Unlike the situation in *Phelps*, a new trial is therefore necessary. Davis shall be barred from testifying at the new trial.

The remaining issue is whether the trial court erred by instructing the jury not to consider any evidence that the Firestone dealership operated by Gracious may have illegally used the State and county rights-of-way adjoining the property. Because this issue may recur upon retrial, we will briefly address it.

■ Plaintiff argues that the evidence of illegal use was admissible and that the jury should have been permitted to consider it under section 7—119 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 7—119). That provision states in relevant part as follows with regard to eminent domain proceedings:

> "Evidence is admissible as to *** any unsafe, unsanitary, substandard or other illegal condition, use or occupancy of the property." Ill. Rev. Stat. 1989, ch. 110, par. 7—119.

Section 7—119 appears in article VII of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 7—101 *et seq.*), which concerns eminent domain. In this context, it is apparent that the phrase "the property" refers to the subject property of the eminent domain proceeding, meaning either the property taken or the remainder of the parcel from which the taking took place. In the case at bar, section 7—119 would therefore only apply if there was evidence Gracious used his own property illegally before the take. Since there was no such evidence, section 7—119 is not applicable.

■ Plaintiff also argues that the trial court should have permitted the jury to consider the evidence in question because it was relevant to a determination of damage to the remainder. Damage to the remainder is measured by ascertaining the difference between the fair-market value of the land prior to the taking and the fair-market value as affected by the taking. (*Illinois State Toll Highway Authority v. Heritage Standard Bank & Trust Co.* (1990), 196 Ill. App. 3d 5, 13.) According to plaintiff, the evidence concerning illegal use of the adjoining rights-of-way tended

to establish that the fair-market value of the land prior to the taking was lower than that suggested by defendants.

■ In its briefs, plaintiff considerably overstates the evidence concerning the allegedly illegal encroachments onto the right-of-way. During his testimony, Dan Gracious denied that semitrailer trucks were sometimes parked partially on the rights-of-way while being serviced, and there was no evidence to the contrary. Gerald Lindgren indicated during cross-examination that certain large semis known as WB-60's would have to encroach on the rights-of-way prior to the taking when pulling into and out of the Firestone dealership. While the evidence showed that 80% of the dealership's business was from semis, there was no evidence showing what percentage was from WB-60's. Smaller semis were also serviced by the dealership. Therefore, the jury would have had to engage in sheer speculation to determine the extent, if any, to which loss of business from WB-60's would have affected the fair-market value of the property prior to the taking.

Additionally, there is no evidence the State or county would have sought to halt the alleged encroachments if they were discovered. Even if they had, the evidence shows permits were available for use of State rights-of-way. Thus, it is not even apparent from the evidence presented that Gracious was in danger of losing business from the WB-60's if the encroachments were discovered.

It is within the trial court's discretion to reject evidence which is of little probative value because of its remoteness, uncertainty, or conjectural nature. (*Hagerman v. National Food Stores, Inc.* (1972), 5 Ill. App. 3d 439, 441.) In light of the evidence presented at trial, it was proper for the trial court to instruct the jurors not to consider any evidence of illegal encroachments by defendants onto the State and county rights-of-way. Failure to give the instruction would have invited the jury to speculate as to whether the alleged illegal encroachments affected the fair-market value of the land before the taking when the evidence failed to establish any such effect. Upon retrial, such evidence should not be considered by the jury unless the State shows a connection between the illegal encroachments and the fair-market value of the land prior to the taking.

For the above reasons, the judgment of the circuit court of Du Page County is reversed, and the cause is remanded for a new trial.

Reversed and remanded.

GEIGER and McLAREN, JJ., concur.