1-06-3080

FIFTH DIVISION
MAY 23, 2008

| | | |
|---|---|---|
| ARTHUR BRITTON, | ) | Circuit Court of |
| | ) | Cook County. |
| Plaintiff-Appellant, | ) | |
| v. | ) | No. 05 L 8145 |
| | ) | |
| UNIVERSITY OF CHICAGO HOSPITALS, | ) | Honorable |
| a Corporation, | ) | Susan F. Zwick |
| Defendant-Appellee. | ) | Judge Presiding. |

JUSTICE TULLY delivered the opinion of the court:

The plaintiff, Arthur Britton, filed a complaint sounding in premises liability against the University of Chicago Hospitals. Mr. Britton was injured while entering the hospital through a revolving door when the glass surrounding the revolving door shattered. The trial court granted summary judgment in favor of the defendant. We affirm.

Background

On September 24, 2004, the plaintiff went to the University of Chicago Hospital to visit his son who was a patient there. The plaintiff was carrying an overnight bag and some food when he tried to enter the hospital through a revolving door. As the plaintiff pushed the door with his left hand, the door jammed. The plaintiff gave the door a "shove" and "pushed real hard"; however, the door did not move. Then, the outer, curved glass surrounding the revolving door broke. Plaintiff injured his left shin and knee.

Plaintiff filed a complaint alleging defendant was negligent through careless management of the revolving door. The plaintiff also alleged the defendant was liable under the doctrine of

1-06-3080

*res ipsa loquitur*.  The trial court granted summary judgment in favor of the defendant.

On appeal, the plaintiff first contends that the defendant had a duty to maintain a proper ingress/egress to the premises.  Specifically, plaintiff argues that defendant's failure to make a reasonable inspection of its entrance confers upon it constructive notice of the defect in the door.  Plaintiff further argues that whether or not defendant made a proper inspection is a question of fact.

Analysis

In viewing the record, this court must view all the evidence in the light most favorable to the plaintiff--the nonmoving party.  Outboard Marine Corp. v. Liberty Mutual Insurance Co., 154 Ill. 2d 90, 131, 607 N.E.2d 1204 (1992). In responding to the hospital's summary judgment motion, the plaintiff may not rest on the pleadings but must affirmatively demonstrate that there is a genuine issue of material fact that requires trial. To establish a claim for negligence, the plaintiff must present evidence demonstrating that (1) the defendant owed a duty of care; (2) the defendant breached that duty; and (3) the breach proximately caused the plaintiff's injuries.

Here, the plaintiff has failed to demonstrate that any issue of fact exists regarding the defendant's breach of any duty or that any breach proximately caused his injuries.  To prevail on his theory that the defendant's negligent maintenance of its revolving door proximately caused his injuries, the plaintiff is required to come forward with some evidence tending to prove that a specified condition under the defendant's control caused the glass to break. See Kimbrough v. Jewel Cos., 92 Ill. App. 3d 813, 416 N.E.2d 328 (1981).  In this case the record does not contain any evidence which raises a question of fact regarding a specific condition under the hospital's

2

control that caused plaintiff's injury. There is nothing in the record regarding any defect in the glass or the revolving door. There is nothing in the record regarding maintenance of the revolving door. Further, there is nothing in the record to indicate that the hospital had actual or constructive notice of any defect in the revolving door. Here the record merely contains general allegations against the defendant but no evidence creating any issues of material fact.

The plaintiff next contends that he has presented sufficient evidence of negligence under the doctrine of *res ipsa loquitur*. Specifically, the plaintiff asserts that he was injured by a door that was under the defendant's control and management.

The doctrine of *res ipsa loquitur* requires that (1) the occurrence is one that ordinarily does not occur in the absence of negligence; and (2) the defendant had exclusive control of the instrumentality that caused the injury. Dyback v. Weber, 114 Ill. 2d 232, 242, 500 N.E. 2d 8 (1986). The issue before this court is whether the defendant had sole and exclusive control of the revolving door at the time of plaintiff's injury. " We think not.

This door, as well as doors of like design, did not and does not operate itself. It was made available by the hospital, but was not being operated by it. By the plaintiff's own testimony he was operating the door when the glass broke. He had to exercise some force to enter the hospital. In fact, since no other person was within the door at the time, he was the sole agency which caused the door to revolve. This being true, then, at the time of injury, the hospital had no control over the door.

The plaintiff maintains that Illinois law does not require that the defendant have "exclusive control" over the instrumentality. Plaintiff cites Lynch v. Precision Machine Shop,

3

1-06-3080

Ltd., 93 Ill. 2d 266, 272, 443 N.E.2d 569 (1982), in support of his position that the requisite degree of control is not a rigid standard.

It must be noted that the doctrine is simply a rule of evidence relating to the sufficiency of plaintiff's proof. Here, we find that the doctrine is not applicable. The operation of a revolving door is not within the exclusive control of the owner of the premises. Persons using them take a distinct part in their operation and are chargeable with the exercise of ordinary care in the use thereof. Injuries may occur in their operation from a lack of due care, either on the part of the person injured or from that of those using the door at or near the same time as the person injured. Under conditions of that character, a proprietor cannot be considered liable. Further, where a structure not obviously dangerous has been in daily use for an extended period of time and has proven adequate, safe, and convenient for the purposes to which it was being put, it may be further continued in use without the imputation of negligence.

Moreover, the *res ipsa loquitur* doctrine applies only when the facts proved by the plaintiff admit of the single inference that the accident would not have happened unless the defendant had been negligent. Here, that is not the case. If it is reasonable to presume from the facts that defendant's negligence proximately caused plaintiff's injury, it is equally logical to infer that some third party passing through the door just prior to plaintiff had carelessly subjected it to an unusual strain which caused the glass to break and that such an act was the proximate cause of plaintiff's injury. Clearly if two reasonable inferences are deducible from the same facts, one of which comports with defendant's responsibility and the other is directly contra thereto, neither should be indulged to permit recovery by use of the doctrine of res ipsa loquitur for the apparent

4

reason that, if such a practice is permissible, a jury is called upon to enter the field of speculation and engage in a guessing contest.

Accordingly, we find that the trial court did not err in granting defendant's motion for summary judgment. The judgment is affirmed.

Affirmed.

FITZGERALD SMITH, P.J., and O'MARA FROSSARD, J., concur.